CAROLYN WOLFE v. CITY OF MIAMI.

154 So. 196.
Opinion Filed March 9, 1934.

*Wallace Ruff* and *Hendricks & Hendricks,* for Cross Plaintiff in Error;

*J. W. Watson, Jr., Mitchell D. Price* and *Charles W. Zaring* and *Jack R. Kirchik,* for Cross Defendant in Error.

DAVIS, C. J.—This is the second appearance of this case in this Court. A previously entered judgment for defendant below was by this Court reversed in Wolfe v. City of Miami, 103 Fla. 774, 134 Sou. Rep. 539, also 137 Sou. Rep. 892. Upon a retrial of the issues of the case after remand verdict for the defendant below was again returned. Thereafter an order awarding plaintiff below a new trial was entered by the trial court. From this order granting plaintiff below a new trial, writ of error was sued out by the aggrieved party defendant under authority of Section 4615 C. G. L., 2905 R. G. S. Thereafter the plaintiff below sued out a cross writ of error and assigned cross errors thereon. So the proposition now before this Court is this:

Where plaintiff in court below filed a common law action against a city for damages for personal injuries and the verdict of the jury was for the defendant city, but on motion of plaintiff below a new trial was granted, can the plaintiff below, who is made a defendant in error to a writ of error sued out by the city to review the order granting a new trial, himself sue out a writ of error and by that procedure bring before the Supreme Court for determination, alleged prejudicial errors committed against plaintiff below by the trial judge during the progress of the trial, which alleged errors, it is contended, caused the jury's verdict for the defendant, which verdict (so erroneously influenced) the trial judge has, by his order granting plaintiff a new trial, set aside?

In a broad sense it may be said that the appellate jurisdiction of the Supreme Court attaches to every cause at law or in equity filed in the Circuit Court *eo instanti* the

filing. This is so, because the moment such a suit is commenced, the power and right of the Supreme Court to ultimately review the proceedings in it are vested in the appellate court.

But in the great majority of cases, it is only by an appeal or by a writ of error, which challenges *the final decision in the case,* that any of the proceedings of the Circuit Court in it may be actually reviewed. And ordinarily, except as provided by statute, it is only in cases wherein the subordinate courts have attempted to evade the jurisdiction of the appellate courts by preventing the exercise of their appellate jurisdiction, through destroying or making ineffectual the right of the successful party to review their rulings,* that the acts, rulings or orders of the inferior courts can · be reviewed and corrected other than by appeal or writ of error from the final judgment or decree. Barber Asphalt Pav. Co. v. Morris, 132 Fed. 945 (text 953), 66 CCA 55.

In this State, in law cases, writs of error lie only to final judgments except where otherwise provided by statute. Statutory exceptions to the general rule are those authorizing reviews of orders of non-suit, with bill of exceptions (Section 4617 C. G. L., 2907 R. G. S.) ; permitting writs of error to be prosecuted by the party "aggrieved" by an order granting a new trial at law; permitting writs of error to a rule of court or other summary order to officers requiring the payment of money or other thing, when it operates as a judgment against the party to whom directed (Section 4607 C. G. L., 2902 R. G. S.). In all other cases writs of error lie only from final judgments. Section 4606 C. G. L., 2901 R. G. S.

---

*Such as failure or refusal to settle bills of exceptions properly tendered, by unreasonable delays, by unwarranted stays of proceedings, by direct and indirect refusals to proceed to final judgments or to their enforcement, and the like.

In this case the determining factor is not whether or not the plaintiff below can prosecute a writ of error to reverse her own judgment. This is so because she asks no reversal of the order granting her a new trial, vhich is the sole basis for the writ of error that brought the case here in the first instance. Consequently what was said in Ward & May v. Bull, 1 Fla. 271; Hale v. Crowell, 2 Fla. 534; Lovett v. Lovett, 93 Fla. 611, 112 Sou. Rep. 768; Zigler v. Eiler Corp., 102 Fla. 981, 136 Sou. Rep. 718; State Road Dept. v. Zetrouer, 105 Fla. 650, 142 Sou. Rep. 217, concerning the right of a litigant to appeal from a judgment in his favor to correct a prejudicial error committed in connection with that judgment, is not in point on the proposition we are now called on to decide.

In this case the principal writ of error is directed under the statute solely to the order granting the opposite party a new trial. It can be prosecuted under the statute which authorizes it, only as an exception to the general rule. The general rule prohibits writs of error from any but final judgments in cases at law. Furthermore, the statute confers the right to a writ of error to an order granting a new trial at law, solely to the "party aggrieved" by the order appealed from, and to no one else. The object of the statute was obviously to permit the form and substance of what transpires on an earlier trial, to be reviewed by the appellate court in advance of the expense and delay attendant upon trying the case over again at a subsequent time, in order to see whether the new trial, if had, would avail anything to the one who had obtained it. It was always in order, before the statute permitting writs of error to orders granting new trials, to assign the erroneous granting of a motion for a new trial as error, when prosecuting a writ of error from an adverse judgment ren-

dered after the second trial was had pursuant to the order granting a new trial.

Therefore the review of an order granting a new trial has uniformly been limited to such matters, and to such matters only, as were involved in the order granting the new trial, as appealed from. Phillips v. Garrett, 109 Fla. 435, 147 Sou. Rep. 857; Scott v. National City Bank of Tampa, 107 Fla. 818, 139 Sou. Rep. 370, 146 Sou Rep. 573. On writ of error to an order granting a new trial the appellate court can do no more than to "review said order" as specifically provided by the statute. Sewell v. Sewell, 91 Fla. 982, 109 Sou. Rep. 98.

In the present case, the plaintiff's cross writ of error, in order to be maintained, must be addressed to some one of the several forms of adjudications which are legally capable of supporting a writ of error. If it be considered as addressed to the order granting a new trial, it is obvious that it can present nothing for review, when it is plaintiff's insistence in response to the principal writ of error, that, the new trial was properly granted, and that the order awarding it should stand. In such circumstances the cross plaintiff in error would not be an "aggrieved" party, and therefore is not within the specific language of the statute itself.

On the other hand, if the cross writ of error be considered as addressed only to the rulings complained of in the assignment of cross errors, then it must be considered as having been addressed to what is not a final adjudication of the Circuit Court, nor an order within any of the exceptions hereinbefore mentioned, and consequently not sustainable for that reason.

Our conclusion is that while a cross writ of error in common law cases is permissible to be sued out and prosecuted by the defendant in error whenever an ordinary writ

of error has been sued out by the opposite party (Tilton v. Horton, 103 Fla. 497, 137 Sou. Rep. 801, 139 Sou. Rep. 142), yet such cross writ of error must be addressed to the same judgment or order as is brought up by the original writ of error and can extend no further than a review and reversal or modification of the judgment or appealable order complained of on the original writ of error.

In this case the cross writ of error is not maintainable and must be dismissed. The sole thing appealed from in this case is the order granting a new trial and the right to prosecute any writ of error at all as to that order, is specifically limited to the party "aggrieved" by the order in the controversy. Since cross plaintiff in error is not "aggrieved" by the order granting a new trial, and there is no final judgment to support the cross writ of error, the appellate court is not warranted in exercising any of its appellate powers under such cross writ of error, and it is accordingly quashed, without prejudice, however, to the right to assign any errors of the character complained of, on writ of error duly prosecuted to a final judgment if, as and when entered in this cause.

Cross writ of error quashed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.