294 So.2d 696 (1974)
Harvey WILLARD, Appellant,
v.
Jack H. BOWEN and Michigan Mutual Liability Company, an Insurance Corporation, Appellees.
No. S-324.
District Court of Appeal of Florida, First District.
April 30, 1974.
Rehearing Denied June 12, 1974.
*697 Daniel I. McCranie, of Law Offices of S. Perry Penland, Jacksonville, for appellant.
Herbert R. Kanning, of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
PER CURIAM.
Appellant seeks reversal of an order granting a new trial following the rendition of a jury verdict for the plaintiff in a personal injury action.
The sole question presented for our consideration is whether the trial court's order granting a new trial must state that the jury verdict was against the "manifest weight of the evidence". As held in Cloud v. Fallis, 110 So.2d 669 (Fla. 1959), and like cases, the order for new trial provided in material part that "the preponderance of the evidence and the manifest justice of the case requires the granting of a new trial". That was the express and sole ground for granting a new trial.
In Nunberg v. Brodsky, 224 So.2d 727 (Fla.App. 1969), the court held that where the trial court found that the verdict was not "consistent" with the evidence, such ground was insufficient to justify the granting of a new trial and an order to that effect was reversed. We hold that the ground set forth in the order reviewed herein was similarly deficient in that it fails to conform to the grounds for new trial as recognized by the case decisions referred to above and those cited in Nunberg, supra, at page 729.
For the reasons stated, the order granting new trial is reversed and the cause is remanded with directions to reinstate the verdict and enter judgment thereon.
RAWLS, C.J., and JOHNSON and SPECTOR, JJ., concur.