MILLS, Judge.
Appellants-defendants (Bowen and his insurance company) seek reversal of a final judgment in favor of appellee-plaintiff (Willard) rendered on a jury verdict in a personal injury case. The issue raised is whether the trial court erred in denying defendants’ motions for a directed verdict. We are of the opinion it did and reverse.
In a prior appeal by appellee, this court reversed an order of the trial court granting appellants a new trial because the ground granting the new trial was insufficient. Willard v. Bowen et al., 294 So.2d 696 (Fla.App.1974).
Willard sued Bowen, alleging Bowen negligently maintained his building, and negligently failed to warn him of its dan *596 gerous condition, as a result of which he was injured. Bowen denied the negligence, and alleged that Willard was con-tributorily negligent. The case went to trial on these issues, and the jury returned its verdict for plaintiff. Bowen then moved the trial court to set aside the verdict of the jury and to enter judgment in favor of defendants, in accordance with defendants’ motions for a directed verdict, or in the alternative, to grant defendants a new trial on the ground that the preponderance of the evidence and the manifest justice of the case required a new trial. The trial court denied the motions for directed verdict, but granted a new trial. On the prior appeal, this court reversed because the ground stated in the order granting a new trial was insufficient. The case was remanded with directions to enter judgment for plaintiff. Defendants now appeal the denial of its motions for directed verdicts.
Plaintiff was an employee of an independent contractor employed by Bowen to repair the roof of his building, which was damaged by fire. The roof and rafters were extensively damaged and were being replaced. The ceiling and joists were only slightly damaged. While working on the roof, Willard stepped onto a scuttle door located in the ceiling and fell through it to the floor. The scuttle door was not designed nor intended to be stood on. It was not defective. It was covered with soot and discolored by smoke. Plaintiff had been in the construction business for twenty years. Bowen was a physician with no experience in building construction. Plaintiff had been working on the roof for eight to ten days before his fall. He worked in the area of the scuttle door on the day prior to his fall. He had inspected the area and thought it safe. Plaintiff recognized that the safest practice was to stand on the ceiling joists. Plaintiff was standing on a joist when he moved backward off it and onto the scuttle door through which he fell to the floor.
It is the duty of a building owner to use reasonable care in maintaining a building in a reasonably safe condition, and to give a business invitee timely notice or warning of latent and concealed perils known to the owner, or which by the exercise of due care should have been known to him, and which are not known by the business invitee, or which by the exercise of due care, could not have been known by him. Hickory House v. Brown, 77 So.2d 249 (Fla.1955).
We are of the opinion that the evidence here fails to establish liability of the defendants for the reason that plaintiff, with twenty years experience in construction, inspected the area at which the scuttle door was located and it appeared safe to him. Bowen, a physician with no construction experience, knew only from observing the ceiling from the floor that a scuttle door was located there. Plaintiff admitted that the scuttle door was not designed to stand on. There was no evidence that it was defective.
Under the above circumstances, the trial court should have granted defendants’ motions for directed verdict.
Reversed and remanded with directions to set aside and vacate the final judgment rendered for plaintiff, and to render a final judgment for defendants.
MELVIN, WOODROW M., Associate Judge, concurs.
BOYER, C. J., dissents.