BOYER, Chief Judge
(dissenting).
I must respectfully dissent. When this case was first before us (Willard v. Bowen, Fla.App. 1st 1974, 294 So.2d 696) we reversed the order of the trial judge granting a new trial based solely upon the phraseology of the order. Although we concluded the opinion in that case with the statement “ * * * the order granting *597 new trial is reversed and the cause is remanded with directions to reinstate the verdict and enter judgment thereon.”, and although such was the provision of the mandate issued by this Court, I am of the view that it was the true intention of the Court, and the better practice, that the case be remanded for the entry of an amended order ruling on the motion for new trial employing the proper words and phrases as alluded to in our said opinion and the cases therein cited. I would now accordingly recede from the final paragraph in this Court’s prior opinion and remand the case to the trial court, affording an opportunity to pass upon the motion for a new trial based upon its merits as distinguished from the technicalities of specific words or phrases.
Should we not recede from and correct that which I conceive to have been an error in choice of wording in the last paragraph of our prior opinion, and consider the case as now before us upon the facts and merits presented, I would affirm the final judgment entered on the verdict of the jury based upon the presumption of correctness thereof in the light of Hickory House v. Brown, Sup.Ct.Fla.1955, 77 So.2d 249 and Tillery v. Standard Sand and Silica Company, Fla.App. 2nd 1969, 226 So.2d 842.