340 So.2d 110 (1976)
Jack H. BOWEN and Michigan Mutual Liability Company, Petitioners
v.
Harvey WILLARD, Respondent.
No. 48429.
Supreme Court of Florida.
November 30, 1976.
Marion R. Shepard and Herbert R. Kanning, of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for petitioners.
S. Perry Penland, Jacksonville, for respondent.
ENGLAND, Justice.
This case is here on the basis of an alleged conflict between a decision on rehearing of the First District Court of Appeal[1] and the decisions of this Court in Leonetti v. Boone, 74 So.2d 551 (Fla. 1954) and Wolfe v. City of Miami, 114 Fla. 238, 154 So. 196 (1934). The issue presented involves the scope of a district court's review in an appeal taken pursuant to Section 59.04, Florida Statutes (1975), which provides:

*111 "Appeal from order granting new trial. Upon the entry of an order granting a new trial, the party aggrieved may prosecute an appeal to the proper appellate court without waiting for final judgment. If the judgment is reversed, the appellate court may direct that final judgment be entered in the trial court for the party obtaining the verdict unless a motion in arrest of judgment or for a judgment notwithstanding the verdict be made and prevail."
Harvey Willard brought a negligence action against Jack Bowen. The case was tried to a jury which rendered a verdict in Willard's favor. Bowen then moved for a directed verdict or in the alternative for a new trial. The trial judge denied Bowen's motion for a directed verdict, but granted a new trial because "the preponderance of the evidence and the manifest justice of the case clearly" required it. Willard appealed to the district court pursuant to Section 59.04, citing as error the failure of the trial judge to state that the verdict was against the manifest weight of the evidence. Bowen cross-assigned as error the lower court's denial of his motion for a directed verdict. The district court rendered a brief opinion which stated in relevant part:
"The sole question presented for our consideration is whether the trial court's order granting a new trial must state that the jury verdict was against the `manifest weight of the evidence'... . We hold that the ground set forth in the order reviewed herein was... deficient... ."[2]
The district court's opinion concluded with a mandate stating:
"... For the reasons stated, the order granting new trial is reversed and the cause is remanded with directions to reinstate the verdict and enter judgment thereon."[3]
On remand final judgment was entered for Willard in accordance with the mandate. Bowen then appealed this final judgment, citing as error the denial of his motion for a directed verdict. A split district court again reversed, finding that the evidence was so deficient that the trial court should have granted Bowen's motion for a directed verdict. A dissenting judge thought the district court's original mandate was incorrect, and that the appropriate course of action originally should have been a remand with instructions to the trial judge to reconsider and rule on Bowen's motion for a new trial. On rehearing, a majority of the district court receded from its second opinion and affirmed the judgment for Willard on the authority of its first opinion and in the light of Matter of Vermeulen, 122 So.2d 318 (Fla. 1st DCA 1960).
From the reference to Vermeulen, we understand the district court's short opinion on rehearing to mean that the court felt bound by the mandate it had entered in its first decision. The effect of this action, however, is to forestall forever any appellate review of the denial of Bowen's motion for a directed verdict.
In Leonetti and Wolfe we held that an appellate court may not consider the question of a directed verdict on review of an order granting a new trial taken under the predecessor of Section 59.04. We there held that a ruling on a motion for directed verdict is properly reviewable only on appeal of the final judgment in the cause. Obviously, that decision conflicts directly with the district court's decision on rehearing in this case, and we have jurisdiction to harmonize the law.[4]
Under our rulings in Leonetti and Wolfe, the district court had no authority on the first appeal it heard to consider the other issue brought by Bowen.[5] Its written decision indicates that the district court did not exceed that limited scope. By confining its review on that occasion to the order granting a new trial, which is appealable as *112 a matter of substantive law though technically neither interlocutory nor final,[6] the district court only considered the legal standard applied by the trial judge and did not review the record.
Ordinarily, the responsibility of the district court on the second appeal would have been either to clarify the original mandate and remand to the trial court for a new ruling, under the proper standards, on Bowen's motion for a new trial, as the dissent suggested, or to review by appeal the trial court's denial of the motion for a directed verdict, as the majority did. Unfortunately, both of those alternates were obliterated when the district court on rehearing receded from the majority decision. Since only the last action was error, we quash the district court's determination on rehearing and remand the case to that court for a re-selection from among the two possible and proper alternatives. It is not within our province either to weigh the record and inject our judgment into the directed verdict question, or to clarify the district court's original mandate as to the motion for a new trial.
We would be remiss, however, if we did not address the extraordinary waste of resources evident from this record, or concern ourselves with the duplicative appeal procedures apparently required in situations of this type. When the district court first reversed the order granting a new trial, the only barrier to its consideration of Bowen's contentions regarding a directed verdict was the absence of the formal final judgment which the trial judge was required to enter as a ministerial act.[7] The important policies which underlie the prerequisite of a final judgment for appellate action[8] are not served in cases of this type, and the public policy that procedural practices shall not frustrate substantive rights[9] is contravened by the unproductive generation of time delays and expense in these proceedings. Developments subsequent to Wolfe and Leonetti suggest that the time is ripe to reconsider their continuing validity. Both have been superseded by the Florida Appellate Rules to the extent that they prevent the determination of issues which are ripe for appellate review in a unified appeal.
In Clement v. Aztec Sales, Inc., 297 So.2d 1 (Fla. 1974), we held that appeals taken pursuant to Section 59.04 are not interlocutory appeals governed by Florida Appellate Rule 4.2, and that Section 59.04 had been adopted as a rule of appellate procedure pursuant to Florida Appellate Rule 1.4. In so ruling we relied upon and cited with approval the decision of the Third District Court of Appeal in Seigel v. Solomon, 201 So.2d 501 (Fla. 3d DCA 1967). There it was held that an appeal under Section 59.04 should be treated as an appeal of a final judgment for the purposes of supersedeas under Florida Appellate Rules 5.1 and 5.2. It is consistent with the conversion of Section 59.04 from a statute to a court-adopted rule of procedure to now hold that appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible, and that the appellate courts of this state have the authority to deal with other appealable issues. We so hold, but adopt this view prospectively as to appeals instituted after the effective date of this opinion.
The decision of the district court on rehearing is quashed, and this case is remanded for further proceedings consistent with this opinion.
OVERTON, C.J., and ROBERTS and BOYD, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Bowen v. Willard, 321 So.2d 595, 597 (Fla. 1st DCA 1975).
[2] Willard v. Bowen, 294 So.2d 696, 697 (Fla. 1st DCA 1974).
[3] Ibid.
[4] Art. V, § 3(b)(3), Fla. Const.
[5] See also Messina v. Baldi, 135 So.2d 17 (Fla. 3rd DCA 1961).
[6] Clement v. Aztec Sales, Inc., 297 So.2d 1 (Fla. 1974).
[7] See Matter of Vermeulen, 122 So.2d 318 (Fla. 1st DCA 1960).
[8] See, for example, C.G.J. Corp. v. Engel, 135 So.2d 431 (Fla. 3d DCA 1961).
[9] Williams v. State, 324 So.2d 74, 80 (Fla. 1975).