PER CURIAM.
This is an appeal by the defendants below from an order granting a new trial following a jury verdict in favor of the appellant-defendants in this wrongful death action.
In the order granting a new trial as amended, the grounds therefor were stated as follows:
“The verdict was against the manifest weight of the evidence and/or the Court erred in allowing into evidence, over plaintiff’s objections, evidence that the defendant, GARY TYLER, had taken and passed a lie-detector test, and that the admissibility of said evidence was material and prejudicial, it is therefore: ”
Appellants present two contentions: First, that the trial court committed reversible error by denying defendants’ motion for directed verdict made at the close of the plaintiff’s case on the ground that a prima facie case had not been made. Second, that the granting of the new trial was an abuse of discretion.
The first contention seeks review on a ground in addition to those stated by the trial court as the basis for the order granting new trial. While formerly such additional ground would not be subject for review [see: Osteen v. Seaboard Coast Line Railroad Company, 283 So.2d 379 (Fla. 1st DCA 1973); Dorr-Oliver, Incorporated v. Parnell, 334 So.2d 629 (Fla. 2d DCA 1976)] it is now held to be reviewable under Bowen v. Willard, 340 So.2d 110, 112 (Fla.1976). Accordingly, we have considered said contention of the appellant in the light of the record, briefs, and argument and find it is without merit.
We hold that appellants’ contention that the granting of a new trial in this case was an abuse of discretion is without merit. Since the case is to be retried following remand we will omit a statement of the facts, as revealed in the pleadings and evidence. On consideration of the record, briefs and argument, upon applying the principles applicable hereto as pronounced in Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959), we hold there has been no showing of a clear abuse of discretion and for that reason the order granting new trial will not be disturbed.
Affirmed.