377 So.2d 46 (1979)
Betty PACKER, Appellant,
v.
WINSTON TOWERS ONE HUNDRED ASSOCIATION, INC., a Corporation Not for Profit Licensed in the State of Florida, Appellee.
No. 79-413.
District Court of Appeal of Florida, Third District.
November 27, 1979.
*47 Fuller, Feingold, Weil & Scheer and Lawrence A. Fuller, Miami Beach, for appellant.
Magill, Sevier & Reid and Ronald L. Buschbom, Miami, for appellee.
Before PEARSON, HUBBART and SCHWARTZ, JJ.
PEARSON, Judge.
The plaintiff, Betty Packer, who slipped and fell on a wet spot in the lobby of a condominium building operated by the defendant, Winston Towers One Hundred Association, Inc., appeals a final judgment for the defendant on a directed verdict. We reverse upon a holding that plaintiff's case, when viewed in the light most favorable to her, shows that the evidence was such that the jury might lawfully find liability. See Teare v. Local Union No. 295, 98 So.2d 79 (Fla. 1957); and in particular, see Marlowe v. Food Fair Stores of Florida, Inc., 284 So.2d 490 (Fla. 3d DCA 1973).
Late one night in June of 1977, the plaintiff, a woman in her late sixties, left her sister's apartment where she had been playing cards and walked a one-block distance to the apartment building where she lived (approximately a five-minute walk). During this period, she saw no one enter or leave her building. Upon arriving at the building, she was let in by the security guard, who was there with his assistant. She began to walk across the marble floor of the lobby, at which time she slipped and fell, injuring herself. At the time of her fall, the plaintiff was wearing high-heeled wedgie shoes. Immediately after the fall, the security guard's assistant came over to help her. She told him the floor was wet and showed him her wet hand. Other witnesses (those with whom she had just finished playing cards) arrived at the scene and testified to the fact that the plaintiff's right hand was wet. Although the plaintiff's injuries were to her left side, her left hand was not wet after the fall.
It is unnecessary for us to discuss the evidence in further detail; however, a reading of this record reveals that the trial judge directed a verdict upon a belief that no reasonable construction of the evidence would permit a jury to find that the operators of the building had actual or constructive notice of the presence of the water on the floor. Inasmuch as the record shows (1) that the fall occurred late at night in the lobby of a building not being used, within four to five feet of the desk of the custodian, and (2) that the plaintiff testified to the effect that she saw no one enter or leave and that the lobby was not occupied for a five-minute period, other than by the custodian and his helper, prior to her entry of the building, we hold that the evidence is sufficient to allow a jury to determine either that the wet substance was spilled on the floor by a servant of the condominium association or had been there such a period of time that the operators had constructive notice of its presence.
Directed verdicts should be granted cautiously in order not to encroach upon a party's right to a jury trial. Teare v. Local Union No. 295, 98 So.2d 79 (Fla. 1957); and see Citizens' & People's Nat. Bank v. Louisville & N.R. Co., 80 Fla. 319, 85 So. *48 916 (1920).[1] And where there is any substantial evidence that could support a verdict for the plaintiff, a directed verdict for the defendant is not proper simply because a preponderance of the evidence favors the latter. Budgen v. Brady, 103 So.2d 672 (Fla. 1st DCA 1958).
The judgment upon directed verdict is reversed, and the cause remanded for trial.
Reversed and remanded.
NOTES
[1] As was stated in National Airlines v. Florida Equipment Co. of Miami, 71 So.2d 741, 744 (Fla. 1954), with regard to summary judgments:

"* * * It not infrequently happens that there is actually no conflict in evidence as to what was done or said, but the inferences of ultimate fact to be drawn from these evidentiary facts may be quite different. It is peculiarly within the province of the jury to draw these inferences and determine the ultimate facts. The constitutional guaranty of the right of trial by jury is respected only when this rule is strictly applied."