BARKDULL, Judge.
Plaintiff appeals a final judgment on a directed verdict in favor of the defendant in a slip and fall case. The record therefore should be viewed in a light most favorable to the party moved against. Mathis v. Lambert, 274 So.2d 601 (Fla. 3d DCA 1973); Kilburn v. Davenport, 286 So.2d 241 (Fla. 3d DCA 1973); Lovings v. Seaboard Coastline Railroad Company, 340 So.2d 1279 (Fla. 3d DCA 1977).
Plaintiff, a 78-year-old woman, was injured while walking on a promenade or concourse behind the premises of the defendant. She fell over or upon a two-inch hose placed across this public walkway by employees of the defendant.[1] Plaintiff testified that just prior to her fall, her attention was districted due to noises in the restaurant at this location, which was owned by the defendant. At no time prior to her fall did plaintiff see the hose on that day nor had she ever seen a hose on a prior occasion. On prior occasions, when the hose was placed across this public walkway, “orange cones” were placed at each end notifying passersby of the existence of the hose.
*CXXV The pleadings raised the issue of comparative negligence of the parties and the trial judge should have left the resolution of this issue to the trial jury. Therefore, the final judgment based on the directed verdict be and the same is hereby reversed, with directions to accord the plaintiff a trial.
Reversed and remanded, with directions.

. 16 Fla.Jur., Highways, Streets and Bridges, § 119; 39 Am.Jur.2d, Highways, Streets and Bridges, §§ 365 and 366.