DANAHY, Judge.
ON MOTION TO DISMISS
We hold that the losing party may not appeal an order granting a new trial unless that party claims that it was error to grant a new trial on any issue. Where, as in the case before us, such error is not asserted, the order granting a new trial may not serve as the vehicle for review by this court of prior rulings by the trial judge adverse to that party.
Appellant brought this suit for wrongful death seeking both compensatory and punitive damages. At the close of appellant’s case, the trial judge ruled that the evidence did not warrant submission of the issue of punitive damages to the jury.[1] The jury awarded compensatory damages to appellant in the amount of $55,000.
All parties filed motions for new trial, appellees requesting a new trial on compensatory damages and liability, and appellant on the issue of punitive damages. The trial judge entered an order granting a new trial on the issue of compensatory damages only and appellant assails that order for its failure to grant a new trial on the issue of punitive damages as well.
A party “aggrieved” by an order granting a new trial may bring an appeal from that order without waiting for final judgment. § 59.04, Fla.Stat. (1979), incorporated in Fla.R.App.P. 9.130(a)(4). Appellant’s rationale is that he is aggrieved by the order granting a new trial solely on the issue of compensatory damages in the same sense that he would be aggrieved by a final judgment awarding compensatory damages but not punitive damages. We agree with appellees that appellant’s challenge is a masquerade for what is in fact an imper *1058 missible appeal from an order denying a new trial[2] in which this court is asked to review the propriety of the directed verdict in appellees’ favor on the issue of punitive damages. That review may be sought only on appeal from a final judgment,[3] which has not been entered in this case and cannot be entered until the issue of compensatory damages is determined. Accordingly, we grant appellees’ renewed motion to dismiss.[4]
In support of his position, appellant relies on Bowen v. Willard, 340 So.2d 110 (Fla. 1976), for the proposition that the question of a directed verdict may be addressed on appeal from an order granting a new trial. In that case the supreme court held that appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible, and that the appellate courts of this state have the authority on such an appeal to deal with other appeala-ble issues.[5] Appellant’s reliance on Bowen is misplaced; the supreme court in that case did not hold that an order granting a new trial is to be equated to a final judgment for purposes of determining its appealability. The court simply pointed out that when a party aggrieved by an order granting a new trial brings an appeal from that order challenging the propriety of a new trial on any issue, a decision by the reviewing court that no new trial should have been granted renders the entry of a final judgment a purely ministerial act. In such a situation, said the supreme court in Bowen, the reviewing court should go ahead and consider all other issues properly raised which could be raised on appeal from the final judgment. As the supreme court pointed out, that is simply an expeditious use of judicial time.
We are not asked in the instant case simply to reverse the order granting a new trial, which would mandate the entry of an appealable final judgment. On the contrary, we are asked to reverse with directions that the trial judge enter an order granting a new trial on the issue of punitive damages as well as the issue of compensatory damages. This case clearly does not fall within the parameters of Bowen v. Willard.
For review of the directed verdict for appellees on the issue of punitive damages, appellant must await the entry of final judgment and that, in turn, must await the completion of the new trial on the issue of compensatory damages.
DISMISSED.
HOBSON, Acting C. J., and GRIMES, J., concur.

. The trial judge expressed his decision by granting summary judgment for appellees on the issue of punitive damages, which was the equivalent of directing a verdict for appellees on that issue. In any event, a partial summary judgment for the defendant on the issue of punitive damages is not appealable. Kingsland v. National Advertising Company, 384 So.2d 701 (Fla. 5th DCA 1980).

. An order denying a new trial is not appeala-ble. Fla.R.App.P. 9.130(a)(4).

. A directed verdict for the defendant on the issue of punitive damages is not within the categories of nonfinal orders which may be appealed. Fla.R.App.P. 9.130(a)(3). Cf. Kingsland v. National Advertising Company, supra footnote I (partial summary judgment for defendant on issue of punitive damages is not appealable).

. Initially we denied appellees’ motion to dismiss without prejudice to appellees’ raising the same argument in their brief on the merits. Appellees did so, thus in effect renewing their motion.

.Since an appeal of an order granting a new trial is a plenary appeal pursuant to Florida Rule of Appellate Procedure 9.110 and the scope of review under that rule extends to any matter or ruling occurring prior to the filing of notice of appeal, the Bowen rule appears to be reflected in the appellate rules as revised in 1977.