394 So.2d 559 (1981)
FINCHER INVESTIGATIVE AGENCY, INC., Appellant,
v.
Leslie SCOTT, Appellee.
No. 80-215.
District Court of Appeal of Florida, Third District.
March 3, 1981.
Underwood, Gillis, Karcher, Reinert & Valle and Anthony Reinert, Miami, for appellant.
Greene & Cooper and Joan M. Bolotin, Rosenblatt, Greene & Aronowitz, Miami, for appellee.
Before HUBBART, C.J., and HENDRY, J., and PEARSON, TILLMAN (Ret.), Associate Judge.
PEARSON, TILLMAN, Associate Judge.
The appellant, Fincher Investigative Agency, Inc., was the defendant in a trial which resulted in a jury verdict and judgment for the defendant. Thereafter, the trial judge granted the plaintiff's motion for a new trial upon the ground of improper juror contact. Fincher appeals the order granting the new trial, and urges first that the court erred in granting a new trial and second that the court erred in failing to grant defendant's motions for a directed verdict.[1]
*560 The trial judge was clearly correct in ordering a new trial upon the basis of the bailiff's unauthorized communications with the jury. See Ivory v. State, 351 So.2d 26 (Fla. 1977); Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624 (Fla. 1966); Holzapfel v. State, 120 So.2d 195 (Fla.3d DCA 1960), cert. denied 125 So.2d 877 (Fla. 1960). Initially both plaintiff and defendant realized this and each moved for a mistrial upon discovery of the intrusion upon the jury.
A closer question is presented upon Fincher's point claiming error upon the trial court's denial of its motions for directed verdict. In reviewing the evidence to determine if a directed verdict should have been granted, we must review the record in the light most favorable to the party moved against.[2] We must disregard conflicting evidence and preserve for the jury every reasonable conclusion that could be reached from the evidence for the party moved against. The evidence in this case is in conflict on every major point. The record reviewed in the light above stated supports the trial court's action in denying the defendant's motions for a directed verdict.
A brief outline of the evidence for the plaintiff will be sufficient to show the basis for our holding. Scott was employed as a bagboy in a Winn-Dixie grocery store in Miami. Fincher Investigative Agency provided an armed security guard at the store. Scott was shot during a robbery of the store. A week prior to the robbery, a neighborhood "character" called "Granny" told the store manager that she had overheard three black males talking about robbing the store.[3] The guard was informed and told to be on his toes. The guard understood that a part of his function was to act as a deterrent to robbery. Fincher gave the guard, who was on duty when the robbery occurred, no training in the use of the firearm that it gave him or in what to do should a situation such as the robbery arise.
Under the facts stated, it could not be found that the negligence of Fincher was the sole cause of Scott's injury. However, there is no basis for a finding by the court that a jury could not find negligence on Fincher's part and that such negligence contributed to Scott's injury.
In Nicholas v. Miami Burglar Alarm Co., Inc., 339 So.2d 175 (Fla. 1976) the Supreme Court held that a burglar alarm company under contract to monitor an alarm system could be liable in negligence for its failure to inform the police of a trouble signal it received. Pitts v. Metropolitan Dade County, 374 So.2d 996 (Fla.3d DCA 1979) held that a security service whose function it was to patrol the Jackson Memorial Hospital parking complex could be held liable to a plaintiff assaulted in the complex for a negligent failure to properly perform that duty. We conclude, therefore, that no error has been shown upon the court's refusal to direct a verdict for the defendant-appellant.
Affirmed.
NOTES
[1] Appeals taken from orders granting new trials should, to the extent possible, be treated as appeals from final judgments. Bowen v. Willard, 340 So.2d 110 (Fla. 1976); Florida Appellate Rule 9.130(a)(4). The appellate courts of this state have the authority to deal with appellate issues other than those stated as the basis for orders granting new trials. Royal Castle Systems, Inc. v. Fields, 354 So.2d 947 (Fla.3d DCA 1978).
[2] Cohn v. Surfside Plaza Hotel, 377 So.2d 44 (Fla.3d DCA 1979); Packer v. Winston Towers One Hundred Association, Inc., 377 So.2d 46 (Fla.3d DCA 1979).
[3] The police, however, were not told about the planned robbery.