402 So.2d 438 (1981)
Maria C. NAVARRO and Fernando Navarro, Appellants,
v.
CITY OF MIAMI, a Political Subdivision of the State of Florida, Appellee.
Nos. 80-756, 80-1051.
District Court of Appeal of Florida, Third District.
July 7, 1981.
As Modified on Denial of Rehearing September 11, 1981.
Greene & Cooper and Joan M. Bolotin, Sidney A. Goldberg and Mark R. Baer, Miami, for appellants.
George F. Knox, Jr., City Atty. and Mikele S. Carter, Asst. City Atty., for appellee.
Before HUBBART, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
PER CURIAM.
It appearing that there was sufficient, although conflicting, evidence in the record tending to support the jury verdict rendered in favor of Maria and Fernando Navarro, we must reverse the judgment and cost judgment entered in favor of the City of Miami, notwithstanding the verdict. Hilkmeyer v. Latin American Air Cargo Expediters, 94 So.2d 821 (Fla. 1957); Mullis v. City of Miami, 60 So.2d 174 (Fla. 1952); Packer v. Winston Towers One Hundred Association, Inc., 377 So.2d 46 (Fla.3d DCA 1979). However, we remand the cause to the trial court to rule upon the City's motion for new trial, which motion the trial court was apparently inclined to grant, but erroneously believed was mooted by the entry of the judgment n.o.v. Instead, a ruling on the motion for new trial should have been made as an alternative to the judgment entered. Kaufman v. Sweet et al. Corporation, 144 So.2d 515 (Fla.3d DCA 1962). In the event the trial court determines not to grant a new trial, then we direct that it enter judgment in favor of Maria and Fernando Navarro in accordance with the jury verdict.
Reversed and remanded for further proceedings.