436 So.2d 1077 (1983)
Patrick J. BLANCHER, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 82-1180.
District Court of Appeal of Florida, Third District.
September 6, 1983.
*1078 Joe N. Unger, Mark J. Feldman, Miami, for appellant.
Robert A. Ginsburg, County Atty., and James A. Jurkowski and Roy Wood, Asst. County Attys., for appellee.
Before HENDRY, BARKDULL and JORGENSON, JJ.
HENDRY, Judge.
Patrick J. Blancher, plaintiff in a personal injury action against Metropolitan Dade County, appeals an order granting defendant's motion for new trial after plaintiff had received a jury award of $89,695 in damages. The county has cross-appealed an order denying its motion for a directed verdict.
During an adult game of softball at a county park where plaintiff had often played, he received a severe cut on his knee as he slid at top speed into second base. The theory of his suit was that the base was improperly anchored and the soil was too soft, so that his foot slid under the base and he struck the single metal spike to which the base was tied. County employees who maintained the ball park denied that the base was improperly installed or maintained. Plaintiff, who was an experienced softball player, admitted that he was aware of the dangers associated with the game and that injuries sometimes occur.
During deliberations, the jury asked the clerk whether it should consider, in computing damages, some numbers written on the blackboard by plaintiff's attorney. Instead of submitting the question to the judge in written form, as the clerk had advised them to do, the jurors decided to forego submitting the question to the judge and soon thereafter rendered a verdict which was close to the blackboard figures.
The trial judge, upon receipt of the verdict, announced that he was setting aside the verdict. Later, pursuant to a motion by the County, he entered an order granting a new trial. The order entered provides as follows:
THIS CAUSE came on to be heard before this Court upon Defendant METROPOLITAN DADE COUNTY's Motion for Directed Verdict or, alternatively, for New Trial. Defendant first so moved ore tenus after publication of the verdict and polling of the jury, whereupon this Court granted Defendant's motion for new trial. After additional grounds for new trial came to the knowledge of this Court, as delineated below, Defendant METROPOLITAN DADE COUNTY filed a written Motion for Directed Verdict/New Trial, stating all available grounds. This Court, having presided over the entire trial of the above-styled cause, and being otherwise fully advised in the premises, finds that the interests of justice require a new trial.
The Court first finds that the jury empaneled in this cause had improper and prejudicial contacts with third parties. After the verdict had been published, the clerk advised this Court, and later so testified under oath, that while stationed outside the jury room while the jury was deliberating, she received a question from the jury. The jury had asked her orally whether the dollar amounts written on the blackboard by plaintiff's counsel during closing argument were the numbers to be used in deciding the amount of damages. Although the inquiry clearly indicates that the jury was confused as to the legal and evidentiary effect of closing *1079 argument, the clerk failed to relay the question to the Court due to the Court's error. The failure of the clerk through no fault of hers to allow the Court the opportunity to correct such confusion severely prejudiced the parties, and in light of the verdict reached, especially prejudiced the Defendant METROPOLITAN DADE COUNTY.
The Court also concludes that it erred in denying Defendant METROPOLITAN DADE COUNTY's request for an instruction to the jury on express assumption of risk, and in denying Defendant METROPOLITAN DADE COUNTY's request for a verdict form encompassing such instruction. The Court finds that under the particular facts and circumstances of this case, Plaintiff's involvement in a softball game constitutes participation in a contact sport, a situation in which the defense of express assumption of risk is clearly available. Blackburn v. Dorta, 348 So.2d 287 (Fla. 1977). The Court further finds that competent evidence, including testimony of the Plaintiff, was presented on the issues of whether the Plaintiff knew of the existence of any danger complained of, realized and appreciated the possibility of injury as a result of such danger, and, having a reasonable opportunity to avoid it, voluntarily and deliberately exposed himself to the danger. The Court finds that the manifest weight of the evidence indicates that the Plaintiff PATRICK BLANCHER knowingly participated in a softball game in which the bases were affixed to the ground in such a manner as to allow for a certain amount of "give" in the bases. Moreover, the manifest weight of the evidence shows that Plaintiff, with further full knowledge of the condition of the field at the time of play, expressly assumed the risk of injury by so participating. This evidence at least entitled Defendant METROPOLITAN DADE COUNTY to the requested instruction and verdict form, and inasmuch as express assumption of risk, unlike comparative negligence, is a complete bar to recovery by a Plaintiff, the Court concludes that Defendant METROPOLITAN DADE COUNTY was severely prejudiced by the Court's refusal to instruct the jury as requested.
The Court further concludes that the verdict is contrary to the manifest weight of the evidence. Plaintiff PATRICK BLANCHER introduced no competent evidence in support of his contention that Defendant METROPOLITAN DADE COUNTY acted unreasonably in its maintenance of the subject softball field, nor in support of his contention that Defendant METROPOLITAN DADE COUNTY acted unreasonably in its installation of bases used at that field. Neither Plaintiff himself, nor any other witness, was able to testify whether any act or omission on the part of Defendant, METROPOLITAN DADE COUNTY, was the legal or factual cause of any damage suffered by Plaintiff. Other than Plaintiff's counsel's gratuitous remarks about how "common sense" dictates how bases should be affixed, no evidence was presented to refute the testimony of Defendant's employee, Thomas Richmeyer, that the manner in which Defendant METROPOLITAN DADE COUNTY affixed its bases and maintained its softball fields at Colonial Drive Park was found to be through experience maximally safe for all participants. Similarly, Plaintiff made no showing as to the alleged dangerousness of the pegs used to affix the bases especially as he both failed to refute the reasoning of Mr. Richmeyer, and moreover did not attempt to produce the actual pegs used at the park. Plaintiff was equally unable to show negligence on behalf of Defendant METROPOLITAN DADE COUNTY with regard to the soil composition at the park.
Additionally, the jury's finding that Plaintiff himself was not negligent is similarly contrary to the manifest weight of the evidence. Plaintiff admitted that in running as hard as he could, he tried to take the opposing second baseman out of the play, and an objective eyewitness also testified that Plaintiff's slide appeared to *1080 be abrupt. The Court finds this testimony to require the finding of comparative negligence.
Lastly, the Court finds that the verdict rendered by the jury is excessive, and shocks the conscience of this Court. An award of $89,000.00 when the Plaintiff suffered only a 7 1/2 percent permanent partial disability of his leg, and when he is still able to play sports, albeit more cautiously than prior to his accident, indicates that the jury had been unduly influenced by sympathy, passion or prejudice.
All of the reasons stated above convince this Court that a new trial must be granted in this cause to serve the best interests of justice, and it is based on the above findings and conclusions that it is hereby
ORDERED AND ADJUDGED that Defendant METROPOLITAN DADE COUNTY'S Motion for New Trial is hereby granted.
It is from this order that plaintiff has appealed.
In entering its order granting a new trial, we find that the trial court properly followed the dictates of our supreme court in Sosa v. Knight-Ridder Newspapers, Inc., 435 So.2d 821 (Fla. 1983), and Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978), and properly exercised the broad discretion granted to trial judges in such matters, as described in Castlewood International Corp. v. LaFleur, 322 So.2d 520 (Fla. 1975), and Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).
Inasmuch as motions for new trial are granted in the exercise of sound, broad discretion, the ruling of the trial judge should not be disturbed in the absence of a clear showing that this discretion has been abused. Sosa v. Knight-Ridder Newspapers, Inc., supra; Castlewood International Corp. v. LaFleur, supra; Cloud v. Fallis, supra. No such abuse having been shown, the order granting a new trial is affirmed.
As to the cross-appeal, we affirm. Upon a review of the record we are unable to conclude that, as a matter of law, no view of the evidence could sustain a verdict for the appellant. Tesher & Tesher, P.A. v. Rothfield, 392 So.2d 1000 (Fla. 4th DCA 1981).
Affirmed.