PER CURIAM.
This is an appeal by the plaintiff from an order granting a motion for new trial in a cause tried before the court without a jury. The defendant has cross appealed, raising numerous points challenging the sufficiency of the evidence to support findings contained in the final judgment.
The ground for the new trial was the trial judge’s finding that, after the trial and before the entry of judgment, he had been subjected to improper ex parte communications in the case. In the order granting a new trial, the judge recused himself from further consideration of the case.
It is apparent that the primary purpose of the letter to the judge which he found prejudicial was to stimulate the judge to early disposition of the case, in which thirteen months had elapsed since trial and eight months since trial briefs had been submitted. Nevertheless, the letter did contain some material which was improper, and, by oversight of counsel, the letter was not served upon opposing counsel in time for him to respond prior to the entry of judgment.
It is obviously difficult for a reviewing court to test the conscience of a trial judge on a matter pertaining to improper communications. Here, although the judge felt he was not influenced by this communication, he did feel that it was necessary to grant a new trial and to recuse himself. We therefore affirm the order for a new trial and the order of recusal.
*876 Because we affirm the order granting a new trial, we do not address the issues raised on cross appeal. The issues raised on cross appeal challenge a final order that has been vacated by the trial court’s order granting a new trial, which we have just affirmed. This affirmance has rendered these issues moot.
While declining to reach the issues raised on cross appeal, we are aware of Rules 9.130(a)(4)[1] and 9.110(h),[2] Florida Rules of Appellate Procedure, and Bowen v. Willard, 340 So.2d 110 (Fla.1976). In Bowen, supra, the Supreme Court was concerned with “the duplicative appeal procedures” and “the unproductive time delays and expense” involved when an order granting a new trial is reversed and the cause is remanded for the purely ministerial task of entering a formal final judgment before a challenge to that judgment can be made on appeal. The Supreme Court determined that, in this situation, no substantive right would be affected and held, therefore, that appeals taken from new trial orders should be treated as appeals from final judgments to the extent possible, and appellate courts have authority to deal with other appeala-ble issues.
Both the Supreme Court in Bowen, supra, and the Committee Notes to Rule 9.110(h), Florida Rules of Appellate Procedure, recognize, as indicated by the words “shall be treated as final judgments to the extent possible,” that appeals from new trial orders will not always subject the prior final judgment to review.
In the case before us, we are affirming the new trial order, which requires a new trial because of improper communication to a trial judge prior to judgment rather than requiring the ministerial task of entering final judgment. See Hill v. American Medical Affiliates, Inc., 387 So.2d 1056 (Fla. 2d DCA 1980). Substantive rights are clearly affected by a new trial. It is not possible to extend the rule of Bowen, supra, to the facts of the instant case, and we find it is not possible to review the issues raised on cross appeal.[3]
Accordingly, the order granting a new trial is affirmed and the cause remanded for proceedings consistent herewith.
MILLS and NIMMONS, JJ., and TILLMAN PEARSON (Ret.), Associate Judge, concur.

. Rule 9.130(a)(4), Fla.R.App.P.:
Non-final orders entered after final order on motions which suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in Rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.

. Rule 9.110(h), Fla.R.App.P.:
Scope of Review. The court may review any ruling or matter occurring prior to filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order.
Committee Notes to Rule 9.110, Fla.R.App.P., in pertinent part:
.... Under section (h) of this rule the scope of review of the court is not necessarily limited to the order granting a new trial. The Supreme Court has held that "appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possi-ble_” Bowen v. Willard, 340 So.2d 110, 112 (Fla.1976). This rule implements that decision.

. Compare Fincher Investigative Agency, Inc. v. Scott, 394 So.2d 559 (Fla. 3d DCA 1981), and Royal Castle Systems, Inc. v. Fields, 354 So.2d 947 (Fla. 3d DCA 1978).