PER CURIAM.
The order granting a new trial upon motion of the defendant Calusa Golf, Inc. [her-einfater “Calusa”] as to the claims and counterclaims between the plaintiff Hector Turf & Garden, Inc. [hereinafter “Hector”] and the defendant Calusa is affirmed upon a holding that no abuse of discretion has been shown sufficient to upset this order. We have carefully examined the plaintiff Hector’s extensive arguments to the contrary, but are not persuaded thereby. See Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530, 533 (Fla.1985); Castlewood Int’l Corp. v. LaFleur, 322 So.2d 520 (Fla.1975); Cloud v. Fallis, 110 So.2d 669 (Fla.1959); Blancher v. Metropolitan Dade County, 436 So.2d 1077 (Fla. 3d DCA 1983). We also find no merit in the third party defendant Toro Company’s [hereinafter “Toro”] appeal, as no error has been shown in the trial court’s refusal to direct a verdict in Toro’s favor on the defendant Calusa’s claim against Toro. See Smith v. Burdine’s, Inc., 144 Fla. 500, 198 So. 223 (1940); R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60 (Fla. 3d DCA 1985), pet. for review dismissed, 482 So.2d 348 (Fla.1986); Fincher Investigative Agency v. Scott, 394 So.2d 559 (Fla. 3d DCA), pet. for review denied, 402 So.2d 609 (Fla.1981). We do find merit, however, in Calusa’s appeal from the trial court’s sua sponte order granting a new trial on Calusa’s claim against Toro, as the order granting same fails to state any valid grounds therefor. It relies solely on grounds stated in its prior order granting a new trial to Calu-sa on Hector’s claim against Calusa, and these grounds present no basis for a new trial on Calusa’s claim against Toro. See Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla.1980); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978); Gould v. National Bank of Florida, 421 So.2d 798 (Fla. 3d DCA 1982); White v. Martinez, 359 So.2d 7 (Fla. 3d DCA 1978).
The order granting a new trial on the claims and counterclaims between the plaintiff Hector and the defendant Calusa is affirmed; the order granting a new trial on the defendant Calusa’s claim against the third party defendant Toro is reversed; the final judgment entered in favor of the defendant Calusa on Calusa’s claim against the third party defendant Toro is affirmed.
Affirmed in part; reversed in part.