O’CONNELL, Justice.
The appellant, Sol I. Cohen, was charged, tried, adjudged guilty, and sentenced for a violation of § 847.01, F.S.1957, F.S.A.
Appellant appeals from the judgment and' sentence.
In their briefs neither the appellant nor the State advise us of the basis upon which this Court can take jurisdiction of this cause. Nevertheless, we have on our own motion determined that we must consider the matter of jurisdiction now, although we have not yet heard argument in the cause.
Since this is a direct appeal to this Court from the trial court, if we have jurisdiction it must be on the basis that the trial court either directly passed upon the validity of § 847.01 or construed a controlling provision of our state or federal constitution.
An examination of the record before us reveals that the trial court did neither.
Appellant moved to quash the information against him on three grounds. The first was that the information failed' to charge a crime and the second was that the magazine alleged to have been sold and distributed by the appellant was not obscene, lascivious, lewd, filthy, indecent, immoral, degrading, or disgusting as defined by law.
The third ground of the motion to quash charged that the statute is unconstitutional for the reason that it violates the First and Fourteenth Amendments to the Fed *157 eral Constitution, in that it unduly restricts freedom of speech and press and fails to provide a sufficiently definite standard of guilt. The trial court denied the motion by notation on the motion itself, which notation consists only of- the word “Denied,” the date, and signature of the judge.
The appellant in his motion for new trial after the -jury .returned a verdict of guilty again assaulted the constitutionality of the statute under which he was charged. The order denying the motion for new trial merely states that the court heard argument of counsel and being advised in the premises denied the motion.
It is quite obvious therefore that the trial court did not “undertake to explain, define or otherwise eliminate existing doubts arising from the terms of the constitutional provisions” cited by appellant, as we have held that the trial court must do in its written order if such order is to constitute a “construction” which will authorize a direct appeal of such case to this court on that basis. Armstrong v. City of Tampa, Fla.1958, 106 So.2d 407, 409.
It is equally obvious that the orders of the trial court do not reflect that it “directly” passed on the validity of § 847.-01.
Therefore, it becomes apparent that as the record now stands we do not have jurisdiction of this appeal.
Nevertheless, it seems to us that a determination of the validity of the statute was an essential first step to any proceedings following the motion to quash the information and that although the trial court did not “directly” pass on the validity of the statute, it could have and probably did determine the statute to be constitutional. It is of course possible that the trial court did not give any consideration to the validity of the statute and that it denied the motion without determining in its mind that the statute was valid.. But we will not charge such to the court. Certainly had' the trial court determined the statute invalid it could not have proceeded further to try the appellant. As we view it the order denying the motion to quash operates on each of the grounds asserted in the motion and therefore it has the effect of denying the appellant’s contention that the statute is invalid. However, we realize that the appellant may not have argued the invalidity of the statute before the court or may have abandoned that ground of the motion.
In any event, however, the orders denying the motion to quash and the motion for new trial did not “directly” pass upon the validity of the statute.
It might well be that we could here hold that a determination of the validity of the statute was inherent in the court’s orders-as we did in Harrell’s Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority,. Fla.1959, 111 So.2d 439.
The better procedure, however, is to follow the practice which we instituted instate v. Bruno, Fla.1958, 104 So.2d 588. In the latter case the trial court granted the defendant’s motion to quash and the-State appealed. The motion contained several grounds, only one of which involved the validity of the statute there involved. The order granting the motion did not specify the grounds on which the order was-granted. We temporarily relinquished control of that cause to the trial court with directions that it enter an order setting-forth the grounds, or ground, upon which it granted the motion in order that we-could then determine our jurisdiction in the-cause.
This case now before us is the reverse-of that presented in the Bruno case in that here the trial court denied the motion to-quash. However, we think the same reasoning set forth in the opinion in that case--dictates that we should temporarily relinquish control of this cause to the trial court for entry of an order setting forth that it *158 •either did or did not consider the validity of § 847.01, F.S.19S7, F.S.A., and that it did or did not find such statute to be valid.
Upon return of the cause to us together with a copy of such order we will be able to determine whether we have jurisdiction ■of the cause, or that we do not, in which event it can be transferred to the appropriate district court of appeal.
As we did in the Bruno case, we again ■call attention of the trial courts to the importance, in cases such as this, of stating that they did or did not consider and directly rule upon the validity of statutes involved in the cause.
We do not imply that a trial court must ■consider and pass upon the validity of a statute in every instance urged by a party to a cause. We recognize that there are instances where it is unnecessary for the ■court to do so.
For example, if the statute attacked is ■not one which controls the cause it might well be that the court should not pass upon its validity. It might well be that the court •can decide the cause without resort to the statute. Again, if a statute is palpably irrelevant to the issues in the cause the trial •court should not pass on its validity. Further, if the appellate courts of this State have already upheld the validity of the identical statute the trial court could refuse to again determine its constitutionality. However, if for these, or any other reasons, the trial court does not pass ■on the validity of the statute it should so ■state in its order disposing of the matter ■so that the appellate course to be followed will be made clear.
For the foregoing reasons we do temporarily relinquish control of this cause to ■the trial court for the sole purpose of allowing that court to enter an order setting forth whether or not it passed on the ■validity of the statute involved herein as a prelude to the entry of the orders denying the appellant’s motion to quash and ■•motion for new trial.
Upon entry of such order by the trial court the clerk of that court is directed to forward a certified copy thereof to this court and to the parties to this cause, whereupon this Court will determine whether the cause should be retained here or transferred to the proper district court of appeal.
It is so ordered.
THOMAS, C. J., and TERRELL, HOBSON and THORNAL, JJ., concur.