O’CONNELL, Justice.
This cause is identical in many respects to the case of Cohen v. State, Fla.1960, 121 So.2d 155.
As in the Cohen case, we are unable in this case to determine whether the trial court directly passed upon the validity of § 847.01, F.S.A., or construed a controlling provision of our state or federal constitutions.
Yet, as in the Cohen case, it seems to us that a determination of the validity of the statute involved was an essential first step to any proceedings following the filing of the motions to quash in this cause, and that therefore the trial court must have passed on the validity of the statute, and determined that it was constitutional.
Yet without the appearance in the record of an order showing that the trial court did directly pass upon the validity of the statute this Court cannot entertain jurisdiction of this appeal.
Therefore, for the reasons expressed in the Cohen case, supra, we do temporarily relinquish control of this cause to the trial court for the sole purpose of allowing that court to enter an order setting forth whether or not it passed on the validity of the statute involved herein as a prelude to the entry of the order denying the appellant’s motions to quash.
Upon the entry of such order by the trial court the clerk of that court is directed to forward a certified copy thereof to this Court and to the parties to this cause, whereupon this Court will determine whether the cause should be retained here or transferred to the proper district court of appeal.
It is so ordered.
THOMAS, C. J., and TERRELL, HOBSON and THORNAL, JJ., concur.