133 So.2d 581 (1961)
STATE of Florida, Appellant,
v.
George L. McINNES, Appellee.
No. C-393.
District Court of Appeal of Florida. First District.
September 12, 1961.
Rehearing Denied October 20, 1961.
Richard W. Ervin, Atty. Gen., and B. Clarke Nichols, Asst. Atty. Gen., for appellant.
*582 Len Silverman, New York City, and Albert Datz, Jacksonville, for appellee.
WIGGINTON, Judge.
Appellant State of Florida charged appellee McInnes in four separate counts of an amended information with the violation of the statute pertaining to extortion.[1] On motion of appellee the trial court entered an order quashing the first and fourth counts of the information, but denying the motion to quash the second and third counts thereof.
From that part of the order quashing two counts of the information the State has appealed pursuant to the authority granted by statute.[2] Appellee has cross-assigned as error that portion of the order which denied his motion to quash the second and third counts of the information. Appellee's motion to quash contains twenty-two grounds, among them being one predicated upon the allegation that the portion of the statute upon which the third count of the information is based is unconstitutional.
This case is now before the court on the State's motion to dismiss the cross-appeal taken by the appellee based upon his cross-assignments of error, or in the alternative to remand the cause to the trial court for the entry of an order specifying whether the constitutionality of the statute in question was specifically passed upon in denying appellee's motion to quash the second and third counts of the information.
We shall first dispose of the State's motion to dismiss the appellee's cross-appeal. It is the State's contention that appeals in criminal cases may be taken only in accordance with the provisions of statutes and rules relating thereto. It is argued that the statute which permits the State to take an appeal from an order quashing an indictment or information, or any count thereof, contains no provision permitting the defendant to cross-assign as error any other interlocutory order or ruling of the court which may have been entered during the course of the proceeding. The State further contends that no provision for taking a cross-appeal by a defendant under the circumstances present in this case is contained in the rules of appellate procedure relating to criminal appeals.
The appellate rules provide that appeals in criminal cases shall be prosecuted in accordance with Part 6 of the rules and, except as therein stated, with such provisions of other parts of the rules as are not inconsistent with the provisions of Part 6, 31 F.S.A.[3] The rule relating to assignments and cross-assignments of error as contained in Part 6 of the appellate rules pertains only to appeals taken from judgment or sentence, or both, except when an appeal is taken by the State under authority of a statute with which we are not presently concerned.[4] We find nothing in Part 6 of the rules which specifically prohibits a defendant from taking a cross-appeal in those instances where the main appeal has been taken by the State pursuant to F.S. § 924.07(1), F.S.A. Reverting to other parts of the Florida Appellate Rules we find a provision for the assignment of errors by the appellant in appeals taken to review interlocutory orders in civil actions.[5] Except as modified by this rule, other appellate rules shall apply to interlocutory appeals.[6] The rules relating to appeals from final judgments and decrees *583 in civil actions permits cross-appeals by the appellee.[7]
It is generally held that cross-assignments of error are allowable only when they could have supported a separate and distinct appeal, unless they relate to the same judgment from which the main appeal is taken.[8] Under this general principle, as well as under our rules of appellate procedure, the appellee in this case would not have the right to maintain a separate and distinct appeal from the order denying his motion to quash the information. This is for the reason that appeals from interlocutory orders entered in criminal cases may not be the subject of an interlocutory appeal unless specifically authorized by statute or rule of the Supreme Court. He does, however, have the right to maintain his cross-appeal in this case since it relates to the same order from which the State's appeal is taken. For the foregoing reasons the State's motion to dismiss the cross-appeal taken by appellee herein is denied.
We now turn to the State's motion to remand this cause to the trial court for the entry of an order specifying whether the constitutionality of § 836.05, of the statutes was directly passed upon in considering and overruling appellee's motion to quash the information. Such issue was raised by appellee in his motion to quash, and is likewise cross-assigned as error by appellee on this appeal.
It is fundamental that the constitutionality of a statute may not generally be considered on appeal unless the issue was raised and directly passed upon by the trial court. An examination of the order denying appellee's motion to quash the information does not specify the particular ground or grounds considered by the court, nor does it indicate whether the constitutionality of the statute in question was considered or passed upon. If one of the questions to be determined on this appeal involves the constitutionality of the statute under which appellee is charged in the information, the case must ultimately be transferred to the Supreme Court for its consideration and decision.[9] If it is held that the statute is unconstitutional and void, the remaining questions presented by this appeal would be moot.
The State's motion to remand is therefore granted, the jurisdiction of this court temporarily relinquished and the cause remanded to the trial court for the entry of an amended order on appellee's motion to quash the amended information, with directions that such order as may be entered specify whether the court directly passes upon the constitutionality of F.S. § 836.05, F.S.A, in the rendition of its decision.[10] Upon the entry of such amended order a certified copy thereof shall be forthwith transmitted to the clerk of this court for consideration in the further proceedings of the cause.
We have carefully considered appellee's motion to dismiss this appeal but find it to be without substantial merit.
Remanded with directions.
CARROLL, DONALD K., Chief Judge, and RAWLS, J., concur.
NOTES
[1] F.S. § 836.05, F.S.A.
[2] "Appeal by state. An appeal may be taken by the State from: (1) An order quashing an indictment or information or any count thereof." F.S. § 924.07(1), F.S.A.
[3] Rule 6.1, Florida Appellate Rules.
[4] Rules 6.7, subd. a, Florida Appellate Rules.
[5] Rule 4.2, subd. b, Florida Appellate Rules.
[6] Rule 4.2, subd. g, Florida Appellate Rules.
[7] Rule 3.5, subd. b, Florida Appellate Rules.
[8] 5 C.J.S. Appeal and Error § 1299, p. 206.
[9] Art. V, § 4(2), Florida Constitution, F.S.A.; Robinson et al. v. State of Florida, Fla. 1961, 132 So.2d 3.
[10] Cohen v. State of Florida, Fla. 1960, 121 So.2d 155.