THOMAS, Justice.
In dealing with this cause the trial and appellate courts created a unique situation.
It all started in the Criminal Court of Record of Duval County by the filing of an information against George L. Mclnnes charging him with extortion in violation of Sec. 836.05, Florida Statutes 1959, and F.S. A. Eventually a second amended information brought the matter to the consideration of the trial court. The alleged victim of Mclnnes’s machinations was one John N. Blow.
In the first count the defendant was charged with threatening to accuse Blow’s corporation of attempting to evade income tax; in the second, with threatening to accuse Blow individually of wilfully trying to defeat payment of income tax; in the third, of threatening to disgrace Blow by reporting to Blow’s wife and others that he had spent the night in a hotel room with a girl; and in the fourth, with threatening to testify before the Internal Revenue Service in such a way as to cause Blow’s corporation to pay additional income taxes. In each instance it was averred that the threat was made by Mclnnes with intent to extort money from Blow.
The defendant moved to quash the second amended information and each count of it upon various grounds not necessary now to detail. Before the judge ruled upon the motion, the defendant presented an additional ground for the attack on the third count, namely that the portions of the statute, Sec. 836.05, supra, on which this count was based were “unconstitutionally vague and hence invalid.” The restriction of the contention of unconstitutionality to the third count should be borne in mind because it is the pivot on which our decision will hinge.
The trial judge simply granted the motion to quash the first and fourth counts of the second amended information and denied the motion to quash the second and third counts, without assigning any reasons for the decision. This order was entered 13 March 1961. A couple of weeks later the State appealed to the District Court of Appeal, First District, from the order quashing the first and fourth counts as it had the right to do under Sec. 924.07(1), Florida Statutes 1959, and F.S.A.
The defendant filed cross assignments of error thereby attempting to secure a ruling on the propriety of the order declining to quash the second and third counts.
The State filed its motion to dismiss the cross appeal on the ground that there was no provision of law permitting a defendant to question, either by direct or cross appeal, the correctness of an order denying his motion to quash. In the alternative the State asked the District Court of Appeal, First District, to relinquish jurisdiction of the cause to the trial court so the latter could specify whether or not the constitutionality of Sec. 836.05, supra, had been determined inasmuch as the point had been raised as an objection to the third count but had not been mentioned in the order dis *521 posing of the motion to quash. If, argued the State, the validity of the act had been adjudicated, the jurisdiction of the cause was vested in the Supreme Court under the provision of Sec. 4(2) of Art. V of the Constitution as amended in 1956, F.S.A.
This action by the State prompted an opinion by the District Court of Appeal, First District, 133 So.2d 581, holding that the motion to dismiss was lacking in merit and relinquishing jurisdiction to the trial court with directions to amend the order on the motion to quash so as to specify whether or not that court passed directly on the validity of Sec. 836.05, supra.
In compliance with the direction of the District Court of Appeal the trial judge entered an amended order reciting that he was passing directly upon the validity of Sec. 836.05, supra, and that as applied to the third count, it was not unconstitutionally vague or invalid “as contended in paragraph 22” of the defendant’s additional ground to quash.
There is no occasion now to distinguish between the jurisdiction this court will exercise in entertaining an appeal from an adjudication that an act is valid or invalid for all purposes while declining jurisdiction where the adjudication was simply one determining validity as applied to facts in a particular case, Stein v. Darby, Fla., 134 So.2d 232, because it is obvious from the language of the motion to quash and the opinion of the District Court of Appeal that the ruling was not limited to the alleged facts in the instant case. The District Court, to repeat, asked the judge to “specify whether [he] directly passes upon the constitutionality of F.S. § 836.05, F.S.A., in the rendition of [his] decision,” while the motion to quash was on the bald basis “that the portions of Section 836.05, Florida Statutes, on which the third count of the Amended Information is grounded are unconstitutionally vague and hence invalid,” which appears to be an attack upon the statute itself for all purposes. And we think the judge not only held that it would support the present prosecution but also all others like it. However, there is no need to pursue the matter because as will be seen we do not think the case is properly here in any event.
Were the information and the motions and rulings to be considered as a whole then this court would have no jurisdiction because there is no judgment disposing of the whole case since the order denying the motion to quash two counts has only the effect of allowing the prosecution to proceed to a final judgment with reference to them. But if the matter is considered as four separate prosecutions proceeding in one instead of four informa-tions, as it must be, there are two final judgments with two cases pending. And the ruling which brings us the decision relative to the validity of the Act is obviously not a final judgment because it is one of the two still undetermined. This court has no power to entertain an appeal from a judgment passing directly upon the validity of an act unless the judgment is final, Art. V, Sec. 4(2) of the Constitution.
Having these views we respectfully return the case to the District Court of Appeal and we apprehend that that tribunal may wish to re-examine the question relative to the right of the defendant to file a cross appeal because if the four charges are considered as in effect four distinct prosecutions which could proceed independently, under four separate informations, then the defendant for all practical purposes is undertaking to raise by cross appeal, in an appeal properly taken by the State from a decision affecting two counts, or prosecutions, a ruling made in a different and independent prosecution.
Upon the expiration of five days’ notice to the parties the cause will be transferred to the District Court of Appeal, First District.
THORNAL, O’CONNELL and CALDWELL, JJ., concur.
DREW, J., concurs specially.
*522 ROBERTS, C. J., and TERRELL, J., dissent.