## STATE v. MAJOR.
### No. 5597.
Circuit Court, Dade County, Criminal Appeal.

March 16 and 24, 1965.

Harvey J. St. Jean, Miami Beach, for the appellant.

Joseph P. Davant, Assistant State Attorney for the appellee.

HENRY L. BALABAN, Circuit Judge.

*Order remanding cause to criminal court in and for Dade County, March 16, 1965:* Upon authority of State v. McInnes, 133 So.2d 581, jurisdiction of the captioned case is temporarily relinquished and the case remanded to the criminal court of record in and for Dade County, presided over by the Honorable Jack Turner, with direction for that court to enter an amended order on defendant's motion to quash the information filed herein specifying whether the court directly passed upon the constitutionality of Florida Statute 817.41 in the rendition of the final judgment.

Upon entry of such amended order a certified copy thereof shall be forthwith transmitted to the clerk of this court for consideration in the further proceedings of this cause.

*Order transferring appeal to the Supreme Court of Florida, March 24, 1965:* This cause coming on to be heard on the motion of the state of Florida, appellee herein, to transfer this appeal to the Supreme Court of Florida on the ground that the constitutionality of the statute on which the prosecution herein was based was directly challenged and passed upon by the criminal court of record of Dade County, the trial court, and it appearing to this court that in his motion to quash the charge of misleading advertising, filed in the criminal court of record on the 3rd day of February, 1964, the defendant Henry Major, by his attorney, in ground 2 of said motion to quash, directly challenged the constitutionality of section 817.41, Florida Statutes, and this court upon noticing such motion to quash charge in the record having remanded the cause temporarily to the criminal court of record of Dade County for the entry of an order specifically passing upon such ground of the said motion to quash charge, and the judge of the criminal court of record who tried the cause and passed upon such motion to quash and denied it, having in an order nunc pro tunc directly recited that he passed upon and upheld the constitutionality of such statute, section 817.41 Florida Statutes, and the state of Florida, appellee herein, having moved the court to transfer this appeal to the Supreme Court, the court is of the opinion that the Supreme Court of Florida has exclusive jurisdiction to pass upon this appeal and that this court is without jurisdiction herein.

Thereupon, it is considered, ordered and adjudged that this appeal be, and it hereby is transferred to the Supreme Court of Florida, and the clerk is directed to physically transmit the record to that court.