ADAMS, Justice.
Our jurisdiction of this case is predicated upon a certificate of the Third District Court of Appeal wherein the State had taken an appeal from an interlocutory order and defendant filed cross assignments of error attacking the same order from which the State was appealing.
The State moved to strike the cross assignments of error. The District Court of Appeal entered the following ruling:
“This cause having come on for hearing on appellant’s motion to strike portion of appellee’s brief and the court having considered same, it is ordered that said motion is hereby denied. See State v. Mclnnes, 133 So.2d 581.”
Thereupon the District Court certified the question here:
“We hereby certify to the Supreme Court of Florida, under and as provided for in Article V, Section 4(2) of the Constitution of Florida [F.S.A.], as a means of bringing this cause with-iq the jurisdiction of the Supreme Court in event certiorari is applied for, that the decision of this court in this case ‘passes upon a question * * * of great public interest,’ in a case charging a defendant with unlawful possession of narcotics, tn-wit, cocaine and marijuana may he 'cross appeal and assign as error the failure of the court to suppress all the evidence, allegedly seized illegally, when the state has appealed pursuant to Fla.Stat. § 924.071 [F.S.A.] from an order which suppressed the ‘cocaine’ but denied the motion as to all other evidence.”
The lower court was persuaded to allow the cross assignment of error upon authority of State v. Mclnnes, 133 So.2d 581, which is a case decided by the First District Court of Appeal. It is the opinion of this Court that the District Court of Appeal properly answered the certified question and we approve their order.
So ordered.
CALDWELL, C. J., and THOMAS, THORNAL and ERVIN, JJ., concur.