PER CURIAM.
The State of Florida appeals from a trial court order which dismissed an information against the appellee that was based on his indictment by the Dade County Grand Jury. Defendant (appellee) has cross-appealed from an order that denied his amended motion to dismiss on the ground that the law establishing a 23 member Grand Jury in Dade County was unconstitutional.
Defendant Chadroff was a practicing attorney in Dade County, Florida. A series of articles apparently appeared in a local newspaper concerning Mr. Chadroff and a Metropolitan Dade County Commissioner. He became aware of these articles when a reporter from the paper called and advised him that a statement had been given which implicated him in a bribery situation. The following day he discussed the situation with two friends who were criminal lawyers and they advised him that he had nothing to worry about. He later learned that an Assistant State Attorney was investigating the matter, and he then discussed with the same two friends the wisdom of going to the Assistant State Attorney and of giving him a statement. These two friends and attorneys gave him no advice and Chadroff told them that he thought he had better go before he received a subpoena.
Before he went to see the Assistant State Attorney he also discussed the matter with another criminal lawyer who was a friend of long standing. He appeared before the Assistant State Attorney on January 27, 1969 and before the Dade County Grand Jury on February 4, 1969. He appeared before the Assistant State Attorney on January 27, 1969 and executed the following document:
“WAIVER OF IMMUNITY BY PERSON APPEARING VOUNTARILY BEFORE THE STATE ATTORNEY OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA, IN AND FOR DADE COUNTY
I, Sy Chadroff, voluntarily appearing of my own accord before the State Attorney of the Eleventh Judicial Circuit of Florida, in and for Dade County, and not at his request to appear, desire to discuss and testify in a certain matter pending before him, and do hereby waive any rights that I may have touching my immunity from prosecution in such matter.
*414 I am appearing freely and voluntarily of my ozvn will and accord, and I am thoroughly and completely conscious of all my rights to refuse to testify under the Constitution and laws of this State, and, for the privilege of making this statement, waive all such rights and to any immunity whatsoever.
I understand that I am permitted to have the advice of an attorney and to have an attorney present with me.
I further agree that anything I may say before the aforesaid State Attorney may be used as evidence in any proceedings.
This 27th day of January, A.D. 1969.
/s/s/ SY CHADROFF
(Emphasis added)
With the exception of the third para graph, which was deleted from the waiver which defendant signed before he talked to the Grand Jury, the Grand Jury waiver is identical to this one. The Grand Jury returned an indictment against him on April 7, 1969 and an information charging him with conspiracy to solicit a bribe and of soliciting a bribe was filed on April 11, 1969.
Defendant moved to dismiss based on a claim of immunity and a hearing was held on the motion. Defendant testified he was never advised that he was a suspect or a potential defendant in the matters under investigation; that he was not familiar with the provisions of § 932.29, Florida Statutes, F.S.A.; that he was never advised as to the effect or meaning of this immunity statute; that he was never advised that he could be compelled to testify under the immunity statute; and was never advised that if he were compelled to testify by operation of the statute, such evidence could not be used against him in a criminal prosecution.
The trial court granted the motion to dismiss and dismissed on the grounds that the defendant was immune from prosecution since the charges alleged in the indictment and information were within the provisions of § 932.29 of the Florida Statutes, F.S.A., and the “purported waivers of immunity were executed by the defendant without his having been advised of all applicable rights and the meaning and effect of Chapter 932.29, Fla.Stat. [F.S.A.].” The state has appealed from that order.
It has recently been held that a witness, under subpoena, who appears before a Grand Jury and executes a written waiver of the immunities provided by Section 932.29 without being given the benefit of the Miranda warnings is not immune from prosecution on the charges arising out of the testimony before the Grand Jury. See State ex rel. Lowe v. Nelson, Fla.App.1967, 202 So.2d 232, aff’d, Fla. 1968, 210 So.2d 197. Accord Mattox and Lowe v. Carson, 424 F.2d 202, (5th Cir. 1970), opinion filed March 25, 1970.
In Miranda, the following pertinent statement was made:

“In dealing with statements obtained through interrogation, we do not purport to find all confessions inadmissible. Confessions remain a proper element in law enforcement. Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.” 384 U.S. 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694, 726.

*415

Defendant replies that even if the failure of the State to give him the Miranda warnings did not immunize him from prosecution, there was an insufficient showing in the trial court that he voluntarily executed the written waivers of immunity.
The defendant was under no compulsion from the state in any manner at the time he appeared to make his statements before the Assistant State Attorney or the Grand Jury nor was he deprived of his freedom of action in any significant way. There was no subpoena issued requiring him to appear before the Assistant State Attorney or the Grand Jury and there was no ordinance or statute involved which compelled him to make a choice between “the rock and the whirlpool”. State v. Dayton, Fla. App.1968, 215 So.2d 87. The written language contained in the waivers is specific, clear and unambiguous. In the caption of the waivers of immunity, it clearly stated that the defendant was voluntarily appearing. The body of the waivers affirmed that the defendant appeared freely and voluntarily, of his own free will and accord and specified that he was thoroughly and completely conscious of all his rights to refuse to testify under the Constitution and Laws of this .state and that he waived all such rights to any immunity whatsoever. It would be difficult to conceive of a document which could be presented to a lawyer, or a lay person, which could more clearly and specifically point out that it was to be executed freely and voluntarily.
Clearly, the defendant was not in custody, was not under compulsion, and was informed in clear, specific and unambiguous language that he was voluntarily appearing and waiving his rights to any immunity under the Constitution and Laws of Florida prior to his appearances before the Assistant State Attorney and the Grand Jury. See State ex rel. Reynolds v. Newell, Fla. 1958, 102 So.2d 613. Cf. State ex rel. Hemmings v. Coleman, 137 Fla. 80, 187 So. 793 (1939).
We find that the waivers of immunity were made freely and voluntarily by a person not in custody or under compulsion and, therefore, the order of dismissal was erroneous.
The cross-appeal challenging the constitutionality of the law providing for a 23 member Dade County Grand Jury appears to be improper since the cross-appeal does not relate to the same order from which the state’s appeal is taken. See State v. Mclnnes, Fla.App.1961, 133 So.2d 581.
The order dismissing the defendant on his claim of immunity be and the same is, therefore, reversed and the cause remanded to the trial court for further action consistent herewith.