DOWNEY, Judge.
The question involved in this appeal is the adequacy of an affidavit for a search warrant. The trial court found the affidavit inadequate because it failed “to establish the confidential informant’s reliability and trustworthiness required by Aquilar-Spinelli (sic).”[1]
A Broward County deputy, sheriff filed an affidavit in which he stated that he had been contacted by a City of Hollywood detective who advised the affiant that he had a confidential informant who could make heroin purchases. The affidavit then details how the affiant, the Hollywood detective, and the confidential informant set up a controlled purchase of contraband. The confidential informant was searched, given a transmitting device and money, and taken to a location near the place where the buy was to occur. The police monitored the surveillance device as the confidential informant entered an apartment at a stated time, ordered two dime bags of “Red,” paid for it, and departed at a specified time. The confidential informant was observed leaving the apartment and returning to the waiting police vehicle where she was again searched and nothing was found but the two bags which, upon analysis, were found to contain heroin. The confidential informant told the police that she observed approximately 100 tinfoil packets of heroin on the kitchen table in the apartment. The affidavit similarly detailed another purchase monitored by the police at the same apartment four days later.
A search warrant was- issued based upon said affidavit, and execution of the warrant resulted in the seizure of contraband and the arrest of appellant. A motion to suppress the evidence was granted by the trial court because the affidavit failed to demonstrate the reliability of the informant.
We reverse upon authority' of United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), and Ludwig v. State, 215 So.2d 898 (Fla.3rd DCA 1968). The foregoing cases are authority for the proposition that where some of the underlying circumstances are set forth in the affidavit so that reason for crediting the source of the information is given, it is not necessary to assert or state that the confidential informant is reliable. We hold that the affidavit in question is sufficient to show probable cause for the issuance of the search warrant.
Appellees suggest that other grounds alleged in the motion to suppress were sufficient to support the order of suppression and that the order should be affirmed on that basis. We decline to follow that suggestion and restrict our consideration of the order on the motion to suppress to the trial court’s ruling thereon.
Accordingly, the order appealed from is reversed and the cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
BERANEK and GLICKSTEIN, JJ., concur.

. Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).