396 So.2d 858 (1981)
The STATE of Florida, Appellant,
v.
Suzanne DeCONINGH, Appellee.
No. 80-1812.
District Court of Appeal of Florida, Third District.
April 14, 1981.
*859 Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellant.
Kurt Marmar, Miami, for appellee.
Before HUBBART, C.J., and BASKIN and FERGUSON, JJ.
BASKIN, Judge.
We affirm the order entered by the trial court suppressing a blood sample taken from defendant to determine alcohol content following her admission to police that she had shot her husband. The taking of blood by police as a standard procedure in homicide cases without reasonable cause to believe the blood would lead to desired evidence has been condemned as a Fourth Amendment violation. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). No justification for the intrusion appears from the circumstances of this case. See Jones v. State, 343 So.2d 921 (Fla.3d DCA), cert. denied, 352 So.2d 172 (Fla. 1977).
Defendant's cross-appeal of the suppression order insofar as it denied her motion to suppress "all tangible evidence" seized from her house is dismissed. State v. Clark, 384 So.2d 687 (Fla. 4th DCA 1980).