432 So.2d 138 (1983)
The STATE of Florida, Petitioner,
v.
Hipolito BARREIRO, Respondent.
No. 83-504.
District Court of Appeal of Florida, Third District.
May 5, 1983.
Rehearing Denied June 13, 1983.
*139 Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for petitioner.
Ferrell & Ferrell and Milton M. Ferrell, Jr., Miami, for respondent.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
On January 26, 1983, two days after the State had filed an information charging Barreiro with the crimes of manslaughter, unlawful termination of pregnancy, practicing medicine without a license, and tampering with a witness, the clerk of the Circuit Court, at the State's request, issued a subpoena duces tecum to be served on the custodian of records of Woman's Care Center, Inc., a Florida corporation. The subpoena called for the corporation to produce in the office of the State Attorney all records of medical examinations and abortions occurring between certain specified dates in 1982. Barreiro, alleging that he is the president and director of the subpoenaed corporation and that the shareholders of such corporation are he and his immediate family, moved to quash the subpoena on the ground that its issuance after the filing of an information is in disregard of the discovery provisions of the Florida Rules of Criminal Procedure and thus contrary to this court's decision in Able Builders Sanitation Co. v. State, 368 So.2d 1340 (Fla. 3d DCA), dismissed, 373 So.2d 461 (Fla. 1979).[1],[2] The trial court, "in the spirit of Able," granted the defendant's motion. The State petitions for a writ of certiorari to review that order. We grant the writ and vacate the order.
In our view, the trial court's order erroneously disembodies Able. As that case makes clear, the State Attorney, "either before or after an indictment or information has been filed," is free to subpoena witnesses to appear before him to testify as to any violation of criminal law within his jurisdiction.[3] The only restriction which *140 Able imposes on this otherwise unfettered power[4] is that it not be exercised so as to defeat the discovery provisions of the Florida Rules of Criminal Procedure.
There is only a single situation where the State's power to subpoena the witness is vitiated altogether.[5] That is where after an indictment or information has been filed the power is attempted to be used "to discover documents and other physical evidence from the defendant which the State is not otherwise entitled to under the reciprocal discovery provisions of the Florida Rules of Criminal Procedure." Able Builders Sanitation Co. v. State, 368 So.2d at 1342 (emphasis supplied). Thus, where a defendant does not file a demand for discovery under Florida Rule of Criminal Procedure 3.220(a)(1)(ii), (x) or (xi), he is not obliged to produce for the State's inspection the corresponding items in his possession or control. See Fla.R.Crim.P. 3.220(b)(4). In such an instance the State is precluded from using its subpoena power to obtain these items.
It is by now obvious that neither the body nor spirit of Able can be relied on to justify quashing the State's subpoena to a nondefendant to produce its records. Able precludes the State from circumventing the discovery rules by subpoenaing records in the defendant's possession and control which the defendant is under no obligation to produce unless he invokes his own right to discover like items. But the records of Woman's Care Center, Inc. are simply not records in the possession and control of the defendant. Cf. Bellis v. United States, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974) (a witness must produce corporate documents in his custody even though the documents incriminate him personally); Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911) (same); Hair Industry, Ltd. v. United States, 340 F.2d 510 (2d Cir.), cert. denied, 381 U.S. 950, 85 S.Ct. 1804, 14 L.Ed.2d 724 (1965) (same); Fineberg v. United States, 393 F.2d 417 (9th Cir.1968) (same, close corporation); Gerardo v. State, 355 So.2d 1221 (Fla.3d DCA), cert. denied, 364 So.2d 885 (Fla. 1978) (defendant's act of producing books and records pursuant to subpoena duces tecum served on him as custodian of corporation's records does not serve to immunize him from later prosecution); State v. Deems, 334 So.2d 829 (Fla. 3d DCA 1976) (same). The records sought are instead in the possession and control of the corporate custodian, who, even if the defendant, is unprotected by any discovery rule. Although Barreiro claims that because of his ownership and control position in the corporation, a subpoena on the corporation is in effect a subpoena on him, it is well settled that when a man chooses to avail himself of the privilege of doing business as a corporation, even where he is its sole shareholder, he forfeits his right to claim that he is the alter ego of the corporation. See Hair Industry, Ltd. v. United States, 340 F.2d 510; Lagow v. United States, 159 F.2d 245 (2d Cir.1946), cert. denied, 331 U.S. 858, 67 S.Ct. 1750, 91 L.Ed. 1865 (1947). See also United *141 States v. Bush, 582 F.2d 1016 (5th Cir.1978) (corporate officer and shareholder lacks standing to challenge allegedly illegal search and seizure of property belonging to the corporation); United States v. Britt, 508 F.2d 1052 (5th Cir.) cert. denied, 423 U.S. 825, 96 S.Ct. 40, 46 L.Ed.2d 42 (1975) (same); Dean v. State, 430 So.2d 491 (Fla. 3d DCA 1983).
Certiorari granted, and order quashing subpoena duces tecum vacated.
NOTES
[1] Barreiro has standing to move to quash a subpoena duces tecum served on a third-party corporation based on his status as a defendant complaining of a violation of the criminal procedure rules. Were this not his complaint, he would be without standing in the absence of a showing that the subpoena was directed at him personally. See Dean v. State, 430 So.2d 491 (Fla. 3d DCA 1983).
[2] Barreiro raised several other grounds in his motion to quash, which were either ruled on adversely to him or not considered by the trial court. It is clear that were this an appeal by the State, we would have no authority to review rulings adverse to the defendant by way of cross-appeal, State v. DeConingh, 396 So.2d 858 (Fla.3d DCA 1981); State v. Clark, 384 So.2d 687 (Fla. 4th DCA), rev. denied, 392 So.2d 1372 (Fla. 1980), or, more subtly, reach these rulings by holding that the trial court was right for the wrong reasons, State v. Roberts, 415 So.2d 796 (Fla. 3d DCA 1982); State v. Pratt, 386 So.2d 1249 (Fla. 4th DCA 1980). The fact that the defendant has a right to have rulings unfavorable to him reviewed on direct appeal at the conclusion of the case not only prevents review of such rulings on the State's interlocutory appeal, see State v. Clark, 384 So.2d 687, but also, because the defendant's right to direct appeal provides an adequate remedy at law, prevents review on the State's petition for writ of certiorari.
[3] Except as is outlined in Able, there is no impediment to the State Attorney subpoenaing witnesses to prepare a pending case. While the State indicated below that one of its purposes in the subpoena on the corporation was to investigate crimes other than those charged in the information, it correctly refused to be bound not to use any of the records produced in the pending prosecution. We find totally inapposite cases dealing with the United States Attorney, who has no power comparable to that found in Section 27.04, Florida Statutes (1981), to use the process of the court to have witnesses come before him to testify. While it is true that a United States Attorney cannot use a grand jury for the sole purpose of preparing a pending case for trial, see, e.g., United States v. Ruppel, 666 F.2d 261 (5th Cir.), cert. denied, ___ U.S. ___, 102 S.Ct. 3487, 73 L.Ed.2d 1369 (1982); United States v. Woods, 544 F.2d 242 (6th Cir.1976), cert. denied, 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977); Beverly v. United States, 468 F.2d 732 (5th Cir.1972); In re Russo, 448 F.2d 369 (9th Cir.1971); United States v. Dardi, 330 F.2d 316 (2d Cir.), cert. denied, 379 U.S. 845, 85 S.Ct. 50, 13 L.Ed.2d 50 (1964), that proposition is bottomed on the propositions that a grand jury is not an arm of the prosecution to be used by it for its exclusive purposes, see United States v. Pack, 150 F. Supp. 262 (D.Del.), appeal dismissed, 247 F.2d 168 (3d Cir.1957), and that the function of a grand jury is the investigation of criminal activity with the view to determining whether an indictment should be returned, see United States v. Smyth, 104 F. Supp. 283 (N.D.Cal. 1952). Moreover, it is manifestly unfair to permit a federal prosecutor to use the process of a grand jury to prepare a pending case when, unlike a state court defendant, Fla.R.Crim.P. 3.220(d), a federal defendant has no comparable right to pretrial process to obtain a witness's testimony.
[4] Of course, the subpoena duces tecum itself must not be unreasonable. See Imparato v. Spicola, 238 So.2d 503 (Fla. 2d DCA 1970). Barreiro does not attack the reasonableness of the subpoena.
[5] As Able points out, where, unlike the present case, the name of the witness which the State subpoenas has been furnished to the State on the defendant's list of witnesses, only the State Attorney's right to conduct the examination of the witness ex parte is affected. In such a circumstance, the State remains free to subpoena the witness, but the proceeding is converted into a deposition with the attendant requirements of notice to opposing counsel and the right of opposing counsel to be present and examine the witness. The record indicates that no list of witnesses had been filed by Barreiro. If defense counsel wants to protect against the State's ex parte examination of a witness, he can do so by furnishing the witness's name on his list of defense witnesses.