444 So.2d 434 (1983)
The STATE of Florida, Appellant/Cross-Appellee,
v.
Preston Eleree WILLIAMS, Jr., Appellee/Cross-Appellant.
No. 83-1209.
District Court of Appeal of Florida, Third District.
December 13, 1983.
*435 Jim Smith, Atty. Gen., and Penny H. Brill, Asst. Atty. Gen., for appellant/cross-appellee.
Greene & Cooper and Robyn Greene, Miami, for appellee/cross-appellant.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.

ON REHEARING ON MOTION TO DISMISS
DANIEL S. PEARSON, Judge.
The State has moved for a rehearing of our order denying without opinion its motion to dismiss the defendant's cross-appeal. We grant the rehearing and adhere to our ruling for the reasons which follow.
The State's appeal arises from a trial court order granting the defendant's motion for a new trial on the ground that in two instances the court incorrectly instructed the jury in response to questions asked by the jury during deliberations. The defendant's cross-appeal arises from that part of the same order which denied the defendant's motion for new trial on other asserted grounds and from an order denying his motion for judgment of acquittal. The State's motion to dismiss the defendant's cross-appeal contends, in essence, that a defendant's right to appeal is governed by Rule 9.140(b)(1) of the Florida Rules of Appellate Procedure (Appeal Proceedings in Criminal Cases), which contains no provision allowing a defendant to appeal from an order denying a new trial or an order denying a motion for judgment of acquittal.[1]
While it is true that this court held in Griffith v. State, 171 So.2d 597 (Fla. 3d DCA 1965), that a defendant may not appeal from an order denying a motion for new trial and that we and others have held, in an arguably analogous setting, that defendants may not cross-appeal a pretrial order which denies in part his motion to suppress, see State v. Ferguson, 405 So.2d 294 (Fla. 4th DCA 1981); State v. DeConingh, 396 So.2d 858 (Fla. 3d DCA 1981); State v. Clark, 384 So.2d 687 (Fla. 4th DCA 1980), none of these holdings dictates the answer to the precise question before us, that is, whether a defendant in a criminal case may cross-appeal from an order denying a motion for new trial on some grounds where the State has appealed the grant of a new trial based on other grounds and, if so, whether the defendant may additionally have reviewed the denial of his motion for judgment of acquittal.
In 1980, the Fourth District Court of Appeal decided State v. Clark, 384 So.2d 687. In Clark, the court granted the State's motion to dismiss the defendant's cross-appeal from an order which only partially granted his motion to suppress, holding that the court did not have jurisdiction to entertain the cross-appeal. From Clark *436 the notion has sprung that in the absence of a provision which would allow the defendant to take a direct appeal of a particular ruling, there can be no cross-appeal. Although, as will be seen, infra n. 6, Clark is correct when confined to its context, that is, a cross-appeal from an interlocutory order denying in part a motion to suppress, it does not justify the broader holding urged here by the State that a defendant cannot cross-appeal from that part of an order denying his motion for new trial where the State has appealed another part of the same order granting the motion for new trial.
Clark purports to be a case of first impression:
"The Rules do not provide for appeals by defendant from pre-trial orders denying a motion to suppress. Defendant argues that once the State has appealed a pre-trial order of suppression this opens a way for a cross-appeal by defendant of any unfavorable portion of the order. We find no authority directly answering this question." 384 So.2d at 690 (emphasis supplied).
But Clark clearly overlooked earlier authority which, if not directly answering the question, at least pointed the way to the answer.
In State v. McInnes, 133 So.2d 581 (Fla. 1st DCA 1961), the State appealed an order quashing two counts of a four-count information, and the defendant cross-appealed that part of the order denying his motion to quash the remaining counts. The State moved to dismiss the cross-appeal, contending that there was no rule or statute authorizing a defendant to cross-appeal. Addressing this contention, the court noted there was nothing in the rules prohibiting a criminal defendant from taking a cross-appeal and that civil actions permit cross-appeals. The court then stated that "cross-assignments of error are allowable only when they could have supported a separate and distinct appeal, unless they relate to the same judgment from which the main appeal is taken." 133 So.2d at 583 (emphasis supplied). Although the law did not authorize a defendant to take an appeal from the denial of a motion to quash, the defendant's cross-appeal of the denial of the motion to quash was permissible "since it relates to the same order from which the State's appeal is taken." 133 So.2d at 583. Accordingly, the court denied the State's motion to dismiss.
The subsequent history of State v. McInnes indicates that the Florida Supreme Court gave at least tacit approval to the proposition that a defendant could cross-appeal from the same order from which a State appeal is taken. In McInnes, the District Court of Appeal remanded the case to the trial court because the order under review did not indicate whether the trial court, in denying the defendant's motion to quash two of the counts, had passed upon the constitutionality of the statute under which the charge in the information was brought. The District Court reasoned that had the constitutional validity of the act been adjudicated when the motion to quash was ruled upon, then under the then existing provisions of the Florida Constitution, jurisdiction of the appeal would be vested in the Supreme Court. Upon remand, the trial court specifically upheld the constitutionality of the statute, and the abeyant appeal was lodged in the Florida Supreme Court. Thereafter, the Supreme Court determined that it was without jurisdiction because no matter how viewed, the order upholding the constitutionality of the act was not a final judgment, State v. McInnes, 147 So.2d 519 (Fla. 1962), and transferred the appeal to the District Court. In so doing, the Supreme Court stated:
"[W]e apprehend that that tribunal may wish to re-examine the question relative to the right of the defendant to file a cross appeal because if the four charges are considered as in effect four distinct prosecutions which could proceed independently, under four separate informations, then the defendant for all practical purposes is undertaking to raise by cross appeal, in an appeal properly taken by the State from a decision affecting two counts, or prosecutions, a ruling made in *437 a different and independent prosecution." 147 So.2d at 521.
Significantly, the Supreme Court found no impediment to the defendant's cross-appeal, so long as it arose from the same order in the same prosecution.[2]
This court followed McInnes in State v. McKinney, where, in an unreported order,[3] it denied the State's motion to strike the defendant's cross-assignment of error and that portion of the defendant's brief devoted to the cross-assigned error. Specifically relying upon State v. McInnes, 133 So.2d 581, we ruled in McKinney that where the State has appealed from an order suppressing certain cocaine which had been seized from the defendant, the defendant may cross-appeal from that portion of the order which denied his motion to suppress all other evidence. We certified the propriety of that ruling as passing upon a question of great public interest, and in State v. McKinney, 212 So.2d 761 (Fla. 1968), the Supreme Court held that we properly answered the question and approved our order.
Thus, the state of the law after the Supreme Court's approval of this court's order in McKinney was quite clearly that where in a criminal case the State has appealed an order contending that the relief given the defendant was error, the defendant was permitted to cross-appeal such order to assert that the order gave him less than the full relief sought by his motion even though no rule or statute authorized a direct appeal by the defendant from the order.
We turn now to the question whether McInnes and McKinney, decided before the current Florida Rules of Appellate Procedure came into effect, have been modified by these rule changes and, if so, to what extent.
The Florida Rules of Appellate Procedure permit appeals from "orders granting new trial in jury and non-jury civil and criminal cases... ." Fla.R.App.P. 9.110(a)(3). Rule 9.110(g) does not distinguish between civil and criminal cases and simply provides that an appellee may cross-appeal by serving a notice within the prescribed time. Thus, there would appear to be no impediment to a cross-appeal where an appeal has been taken from an order granting a new trial in a criminal case, unless some exception for the criminal case is made elsewhere in the rules.
Rule 9.140(a) provides that "[a]ppeal proceedings in criminal cases shall be as in civil cases except as modified by this rule." This section, according to the Committee Notes,
"makes clear the policy of these rules that procedures be standardized to the maximum extent possible. Criminal appeals are to be governed by the same rules as other cases, except for those matters unique to criminal law which are identified and controlled by this rule."
Since nothing in Rule 9.140 prohibits a cross-appeal in a criminal case, and since the need for specific authorization for such a cross-appeal was directly rejected in State v. McInnes, 133 So.2d 581, approved in State v. McKinney, 212 So.2d 761,[4] it *438 seems clear that a criminal defendant does have a right to cross-appeal where the State has sought review of an order granting a new trial.
We point out, however, that this right of cross-appeal, provided for solely in Rule 9.110(g), is thereby limited to the appeals contemplated by Rule 9.110(a), that is, in the criminal case, appeals from final orders or orders granting a new trial. In contrast, the appellate rules in existence when McKinney was decided contained no such limitation.[5] Thus, while McKinney still stands as controlling authority for the proposition that a criminal defendant is permitted to cross-appeal a portion of an order adverse to him even though no rule or statute would authorize a direct appeal by the defendant from the order, McKinney is no longer authority for the proposition that a defendant is permitted to cross-appeal an order granting in part his motion to suppress, since such an order is not final.[6] However, the fact that the present appellate rules have abrogated the defendant's right to cross-appeal from an interlocutory suppression order has no effect on the case before us. Here the order from which the State has appealed is an order granting a new trial, an appeal to which the right of cross-appeal attaches under Rule 9.110(g).
Finally, we address whether the defendant's cross-appeal is to be limited to a review of the order granting a new trial which the State has appealed or may be expanded, as the defendant suggests, to include a review of the trial court's separate order denying the defendant's motion for a judgment of acquittal. Stated otherwise, has the McInnes-McKinney rule that a defendant's cross-appeal must arise from the same order been altered by subsequent developments in the law? Florida Rule of Appellate Procedure 9.110(h) provides:
"Scope of Review. The court may review any ruling or matter occurring prior to filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order."
The Committee Notes to the rule state:
"Under section (h) of this rule the scope of review of the court is not necessarily limited to the order granting a new trial. The Supreme Court has held that `appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible... .' Bowen v. Willard, 340 So.2d 110, 112 (Fla. 1976). This rule implements that decision."
Bowen v. Willard, 340 So.2d 110 (Fla. 1976), referred to in the Committee Note, overruled prior holdings that an appellate court may not consider the question of a directed verdict on review of an order granting a new trial. These earlier holdings, according to Bowen, had been "superseded by the Florida Appellate Rules to the extent that they prevent the determination of issues which are ripe for appellate review in a unified appeal." 340 So.2d at 112. Thus, Bowen held, as Rule 9.110(a)(3) now reflects, that an appeal from a new trial order is to be treated as an appeal from a final judgment, and the appellate courts have the authority to deal with other appealable issues. See Fincher Investigative Agency, Inc. v. Scott, 394 So.2d 559 n. 1 (Fla. 3d DCA), rev. denied, 402 So.2d 609 (Fla. 1981) (on direct appeal from order *439 granting a new trial, appellant could raise error in denial of motion for directed verdict); Royal Castle Systems, Inc. v. Fields, 354 So.2d 947, 948 (Fla. 3d DCA 1978) (same). Since, as we have previously noted, the policy of the appellate rules is that criminal and civil appeals are to be treated alike, except for matters unique to criminal cases,[7] it is clear that the rules have expanded the scope of permissible review beyond that allowed in McInnes and McKinney and that Williams' cross-appeal, being otherwise permitted, may bring up for review not only his alternative grounds for the new trial which were rejected by the court, but, as well, the denial of his motion for judgment of acquittal. See Seaboard Coastline Railroad Co. v. Dennard, 399 So.2d 490, 492 n. 1 (Fla. 3d DCA 1981) (on direct appeal from order granting a new trial, court had jurisdiction to consider cross-appeal regarding alleged error in admission of evidence).
Accordingly, rehearing is granted, and the State's motion to dismiss the defendant's cross-appeal is again denied.
NOTES
[1] Rule 9.140(b)(1) provides:

"(1) Appeals Permitted. A defendant may appeal:
"(A) A final judgment adjudicating guilt;
"(B) An order granting probation, whether or not guilt has been adjudicated;
"(C) Orders entered after final judgment or finding of guilt, including orders revoking or modifying probation;
"(D) An illegal sentence; and
"(E) A sentence when required or permitted by general law.
"A defendant may not appeal from a judgment entered upon a plea of guilty; nor may a defendant appeal from a judgment entered upon a plea of nolo contendere without an express reservation of the right to appeal from a prior order of the lower tribunal, identifying with particularly [sic] the point of law being reserved."
Rule 9.130, which governs proceedings to review non-final orders, provides in subsection (a)(2) that "[r]eview of non-final orders in criminal cases shall be as prescribed by Rule 9.140."
[2] In State v. Chadroff, 234 So.2d 412 (Fla. 3d DCA 1970), we too found nothing inherently impermissible in a defendant's cross-appeal taken from an order which the defendant was not authorized to directly appeal. In Chadroff, the State appealed an order dismissing the indictment on the ground that the defendant had been immunized from prosecution. The defendant cross-appealed from an order denying his motion to dismiss which challenged the constitutionality of the grand jury. Although this court dismissed the cross-appeal as impermissible, it did so (following the rule of, and citing to, McInnes) only because "the cross-appeal does not relate to the same order from which the State's appeal is taken." 234 So.2d at 415.
[3] The action of this court, although unreported, is described in State v. McKinney, 212 So.2d 761 (Fla. 1968).
[4] The reasoning in State v. Clark, 384 So.2d 687, that the limitations on the defendant's right to take a direct appeal found in Rule 9.140(b)(1) are to be read as limitations on his right to cross-appeal is directly contrary to McInnes and McKinney. Since we are bound by McKinney, see Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), we must reject Clark on this point.
[5] Fla.R.App.P. 3.5 (1962) governed cross-assignments of error and contained no restriction on the right to cross-assign error.
[6] It appears, therefore, that State v. Ferguson, 405 So.2d 294 (Fla. 4th DCA 1981); State v. DeConingh, 396 So.2d 858; and State v. Clark, 384 So.2d 687, where the courts dismissed the defendants' cross-appeals which sought suppression of more evidence than the trial court order provided, were correctly decided. State v. Barreiro, 432 So.2d 138, 139 n. 2 (Fla. 3d DCA 1983); State v. Fisher, 416 So.2d 871 (Fla. 3d DCA 1982); State v. Roberts, 415 So.2d 796 (Fla. 3d DCA 1982); and State v. Pratt, 386 So.2d 1249 (Fla. 4th DCA 1980), in which the courts, employing the same theory of no jurisdiction over the defendants' cross-appeals, rejected the defendants' contentions that the orders on appeal could be affirmed for reasons other than those stated in the orders, are for like reason correct, since the orders were non-final in nature.
[7] We note, without deciding, that the State's right to cross-appeal might be limited by double jeopardy or other constitutional considerations.