JORGENSON, Judge.
The State of Florida seeks review of an order quashing a subpoena duces tecum *1135 issued pursuant to section 27.04, Florida Statutes (1988), which required National Research Systems, Inc. to produce certain documents. We have jurisdiction, article 5, section 4(b)(3), Florida Constitution (1968), and Florida Rule of Appellate Procedure 9.030(b)(2)(A) and for the reasons which follow, quash the order of the trial court.
The Dade County State Attorney’s Office, acting on information received from the authorities in the state of New York regarding an alleged embezzlement, initiated an investigation to determine whether proceeds of an alleged embezzlement had been transferred to Dade County, Florida. National Research Systems filed a motion to quash the investigative subpoena and as grounds therefore alleged:
(a) that the State Attorney is not conducting a criminal investigation, but, rather, is assisting the New York State Insurance Department in obtaining documents which it has no jurisdiction to acquire; and (b) that because of the background of this case giving rise to the issuance of the above-referenced subpoena duces tecum, it would be unreasonable and oppressive for the petitioner to comply with it.
At the hearing on the motion to quash, the trial court received no evidence from either the state attorney’s office or National Research Systems, Inc. During the hearing, the state made the following proffer:
MR. KERSTEIN: The only issues raised by defense counsel in his particular motion are, one whether SAO or the State Attorney’s Office is conducting an investigation, or whether this is merely a subterfuge to obtain records for an out of state agency, and the State in its response has addressed that particular issue.
We have reasonable basis to believe that $350,000 over a three year period was forwarded; to the defendant here in Dade County; that there was an embezzlement that occurred in this; that there are funds here, the funds which were shipped here, and may well be the proceeds of such embezzlement and such theft, and under those circumstances, there is strong possibility of criminal violations here in Dade County.
The subpoena has been validly issued under the authority of the State Attorney’s Office. The State Attorney’s Office is conducting an investigation.
Following the foregoing proffer, the state and the court discussed whether the state was going to share the information received with the Division of Insurance Fraud, Department of Insurance, State of Florida, and the New York authorities. Upon learning .that the state would in fact share the information received, the trial court granted National Research Systems, Inc.’s motion to quash on the stated basis that the subpoena duces tecum involved here was issued at the behest and direction of New York authorities and that there was no legitimate investigation being conducted by the state attorney’s office with respect to that subpoena.
There is simply no evidence to support the trial court’s conclusion in the face of the state’s proffer. The order to quash, therefore, is a departure from the essential requirements of law. See Imparato v. Spicola, 238 So.2d 503 (Fla. 2d DCA 1970). Once on notice of the possibility of criminal activity within his jurisdiction, the state attorney has the authority to investigate, section 27.04, Florida Statutes (1983); indeed, it is his duty. See State v. Michell, 188 So.2d 684, 687 (Fla. 4th DCA), cert. discharged, 192 So.2d 281 (Fla.1966). The fact that the state may subsequently share portions of its investigative findings with other agencies or other jurisdictions is no basis to quash an investigative subpoena. Imparato, 238 So.2d at 506.
Accordingly, certiorari is granted and the order of the trial court is quashed.