487 So.2d 326 (1986)
The STATE of Florida, Petitioner,
v.
WELLINGTON PRECIOUS METALS, INC., Daniel Weiss, and the Honorable Gerald Kogan, Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Respondents.
No. 85-1342.
District Court of Appeal of Florida, Third District.
March 25, 1986.
Rehearing Denied May 19, 1986.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for petitioner.
Fine Jacobson Schwartz Nash Block & England and Kevin Emas, Miami, for respondents.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
The State of Florida seeks review by certiorari of an order quashing an investigative subpoena duces tecum.[1] The subpoena duces tecum, issued by the State Attorney to the Custodian of Records for Wellington Precious Metals, Inc. (Wellington), sought records of the corporation and any of its franchises, subsidiaries or associated corporate entities related to the acquisition of precious metals, to include payroll *327 records, financial accounts, and cancelled checks.
The trial court entered an order which (1) recognized that a custodian of corporate records has a right to assert a fifth amendment privilege where a compelled production would be self-incriminating and (2) quashed an investigative subpoena duces tecum without an evidentiary hearing to determine whether the act of appearing personally to produce the documents would be testimonial and self-incriminating.
There is no disagreement with the general proposition of law that a corporation does not enjoy the privilege against self-incrimination and that on demand of the government in a criminal investigation organizational documents must be produced. United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906). Neither is there disagreement that a custodian of records has no privilege to refuse production of corporate documents even though the contents tend to incriminate him. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911). The narrow issue presented by this appeal is one which the parties agree has never been addressed directly by the courts of this state or by the United States Supreme Court:
Whether the owner of a one-man corporation can be compelled to produce records of the corporation without a grant of use immunity where the act of producing may be both testimonial and incriminating.
Both parties seek support from United States v. Doe, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), which held that the act of producing business records of a sole proprietorship could not be compelled without a grant of statutory use immunity. The State argues that Doe applies only to sole proprietorships and has no application to collective entities. Respondents Weiss, sole owner of Wellington, and the corporation, counter that Doe did not turn on the nature of the entity but on the self-incriminatory consequence of a compelled production.
It would add little to the body of jurisprudence to re-analyze the rationales given as a bases for the two points of view. They are stated clearly and exhaustively in the case law and treatises.[2] The able trial judge saw the split in authorities and encouraged this review.
We are persuaded by the rationale of the majority of an en banc court in In re Grand Jury Matter (Appeal of James Gilbert Brown), 768 F.2d 525 (3d Cir.1985), which considered the precise issue and addressed the arguments which are presently before us. After examining all the modern cases including United States v. Doe, the court held that a sole owner of a professional corporation may not be held in contempt for refusing to authenticate records by the act of production unless there is either a finding that self-incrimination is unlikely or there is a grant of use immunity.[3] There had been no determination in In re Grand Jury Matter as to whether the act of production or the giving of testimony authenticating the corporate records would in fact tend to incriminate Brown. The court ruled that that determination would have to be made by the court if the government made a further effort to enforce the subpoena duces tecum. This case comes to us in the same posture.
Writing on what we believe to be a clean slate in Florida, we adopt the rationale of the third circuit in In re Grand Jury Matter and hold that a sole ownercorporate custodian of records may not be compelled to produce corporate records pursuant to a subpoena duces tecum issued *328 by the State Attorney, if the act of producing will be communicative and incriminatory, in the absence of a grant of use immunity.[4]
Certiorari is granted. The order under review, insofar as it recognizes that a custodian of corporate records may assert a personal fifth amendment privilege, is approved; insofar as the order quashes the subpoena duces tecum without an evidentiary hearing to determine whether compliance will be incriminatory, the order is vacated and the cause is remanded.
DANIEL S. PEARSON, Judge, specially concurring.
As Judge Ferguson correctly points out, although a corporation has no fifth amendment rights, the custodian of corporate records does, and the custodian is thus permitted to resist producing corporate records upon a showing that the act of doing so would incriminate him. As a result, two methods have been devised to compel production of corporate records without incriminating the custodian: the custodian may be forced to produce the records upon receiving use immunity with respect to the fact of production, see In re Grand Jury Matter (Appeal of James Gilbert Brown), 768 F.2d 525 (3d Cir.1985) (in banc), or, as suggested in In re Two Grand Jury Subpoenae Duces Tecum, 769 F.2d 52 (2d Cir.1985), a person may be appointed in lieu of the custodian to produce the records. These equally effective methods both result in the production of the corporate documents and the protection of the fifth amendment rights of the custodian. Under the use immunity method, the custodian actually authenticates the records, but the evidence of authentication cannot be used against him; under the appointed surrogate method, the records are not authenticated. Under either method, the records will be deemed authentic without proof in the envisioned later proceeding.
Although I read the opinions of Judges Ferguson and Jorgenson as advocating functionally equivalent solutions to the same problem, I cast my lot with Judge Ferguson solely because Judge Jorgenson allows the trial court to appoint the standin for the custodian without a threshold determination that the assertion of the privilege against self-incrimination was warranted.
JORGENSON, Judge (dissenting).
I am not persuaded by the rationale of In re Grand Jury Matter (Appeal of James Gilbert Brown), 768 F.2d 525 (3d Cir.1985), that a corporate custodian of records may resist a proper subpoena duces tecum for production of corporate records. I think the rationale of In re Two Grand Jury Subpoenae Duces Tecum, 769 F.2d 52 (2d Cir.1985), represents the better view. See also State v. Barreiro, 432 So.2d 138 (Fla. 3d DCA), rev. denied, 441 So.2d 631 (Fla. 1983). I would, accordingly, quash the order under review in its entirety and remand with directions to the trial court to require the production of the documents in question.
NOTES
[1] Jurisdiction is based on article V, section 4(b)(3) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(b)(2) and (3). See also State v. National Research Systems, Inc., 459 So.2d 1134 (Fla. 3d DCA 1984); State v. Barreiro, 432 So.2d 138 (Fla. 3d DCA), rev. denied, 441 So.2d 631 (Fla. 1983).
[2] See In re Grand Jury Matter (Appeal of James Gilbert Brown), 768 F.2d 525, 535 (3d Cir.1985) and cases collected therein; Note, Organizational Papers and the Privilege Against Self-Incrimination, 99 Harv.L.R. 640 (1986).
[3] For some cases the court recognized the feasibility of a third alternative: the appointment of an agent, at the request of the government, solely for the purpose of authenticating corporate records (citing Rogers Transp., Inc. v. Stern, 763 F.2d 165 (3d Cir.1985) (en banc)).
[4] Florida's use immunity statute, sections 914.04 and 914.05, Florida Statutes (1985), is similar to 18 U.S.C.A. §§ 6002 and 6003 (West 1985), its federal counterpart.

Of course the custodian waives the immunity granted to the act of production if the authenticity of the organizational documents is later challenged. The fact that the documents were produced through its custodian could be offered as substantive evidence. See In re Grand Jury Proceedings, 509 F.2d 1349 (5th Cir.1975) (immunity granted to defendant precludes government from using compelled testimony against him unless he should fail to comply with immunity order).